[No. 2873.  Decided September 2, 1899.]

AUSTIN J. ROBERTS, *Trustee, Appellant,* v. THE SHELTON SOUTHWESTERN RAILROAD COMPANY *et al., Defendants,* PHILIP V. ANDERSON *et al., Respondents.*

APPEAL—SUFFICIENCY OF NOTICE.

A notice of appeal setting forth that appeal is taken from the final orders entered by the court on January 12, 1898, which dismiss the petition herein as to the plaintiffs and defendants mentioned in the notice and in the cause, designates with sufficient certainty from what judgment the appeal is taken.

SAME—BOND BY SURETY COMPANY.

It is not necessary that an appeal bond by a surety company should show on its face, either that the company has complied with the laws of the state relating to recognizances, stipulations, bonds and undertakings, or that it is legally authorized to do business in the state.

SAME—OBJECTIONS NOT RAISED BELOW.

If objection that a surety company is not qualified to become surety on an appeal bond has not been raised in the court below, it must be deemed as having been waived.

VACATING JUDGMENT—MATTERS REVIEWABLE ON APPEAL.

On appeal from a judgment on a petition to vacate a judgment, matters occurring in the original action, which were properly reviewable on appeal from the original judgment therein, are not properly a part of the record nor subject to consideration by the supreme court, when reviewing the proceedings wherein the subsequent judgment was rendered.

SAME—SUFFICIENCY OF PETITION.

Under Bal. Code, §§ 5153-5162, proceedings for the vacation of a judgment constitute an independent action, and, by the terms of § 5156, it is necessary, in order to obtain the benefit of a vacation, that there be filed a petition, verified by affidavit, setting forth the

judgment or order, and the facts constituting a cause to vacate it; therefore, a petition which fails to set forth, except by inference, the judgment complained of, and does not allege what the original action was, or what the issues therein determined were, is demurrable for want of stating sufficient facts.

AUTHORITY OF ATTORNEY—WHEN MAY BE QUESTIONED.

Where the question of the authority of an attorney to appear for a party has been raised and passed upon in the original action, it can not be retried upon a petition to vacate the judgment therein, although Bal. Code, § 4767, provides that the court may at any stage of the proceedings relieve the party, for whom an unauthorized attorney has assumed to appear, from the consequences of his acts.

Appeal from Superior Court, Mason County. — Hon. CHARLES W. HODGDON, Judge.    Affirmed.

*J. E. Sligh,* for appellant.

*Bates & Murray, J. H. McDaniels, John A. Parker,* and *H. S. Tremper,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This is an appeal from orders of the superior court of Mason county sustaining demurrers to the petition of Austin J. Roberts to vacate a judgment and decree of that court rendered on November 23, 1897, and from a judgment dismissing the petition.    The amended petition of appellant, omitting the title of the cause, the name of the court, and the venue, is as follows:

" The amended petition of Austin J. Roberts, trustee, shows your honor that heretofore, in this court, he was appointed as one of three trustees of the Shelton Southwestern Railroad Company, as successors in interest to the Mason Mortgage Loan Company; and that at all the times mentioned herein your petitioner was and is a duly qualified and acting trustee of the Shelton Southwestern Railroad Company, one of the defendants herein;

2.    That prior to the filing of the complaint in this action your petitioner wired from the state of California to John A. Parker, attorney, who had theretofore repre-

sented your petitioner, not to take any steps towards the foreclosure of the trust deed or mortgage described in the complaint herein, which said message said Parker received on the 3d day of October, 1896, before he filed this complaint or made any service of the same;

3.   That afterwards your petitioner learned that said Parker had disregarded the instructions of this petitioner, and on the 24th day of October, your petitioner wrote from San Leandro, California, to the said Parker at Tacoma, Wash., and in said letter explicitly dismissed him as the said attorney of your petitioner, alleging as a reason for said dismissal the fact that he, Parker, had disobeyed the instructions of your petitioner; and that said Parker received the said letter in the due course of the U. S. mails;

4.   That your petitioner employed the firm of Doolittle & Fogg at once to specially appear in this cause and move to dismiss the same for the reason, as above stated, that the same was unauthorized, and against the wishes of this affiant; that said Doolittle & Fogg did so appear in this cause and make said motion, and the same is on file in this cause, and the said Doolittle & Fogg are of record herein as the attorneys of this petitioner;

5.   That thereafter the said Doolittle & Fogg, disregarding the express conditions of their contract with this petitioner to the effect that they should, as provided in said mortgage, look to the property so mortgaged for their expenses and fees, demanded of this petitioner payment from him personally for their expenses; and, this petitioner refusing to pay the same out of his personal funds, the said Doolittle & Fogg thereupon resigned as the said attorneys of your petitioner, and your petitioner accepted their said resignation, and on the 8th day of February, 1897, the said Doolittle & Fogg ceased to be attorneys of this affiant; but said attorneys failed to make any change of attorneys or any note in the records of the fact that they had so ceased to be the said attorneys of this petitioner;

6.   That your petitioner had been informed by letter from the said John A. Parker, in reply to the letter of this petitioner dismissing him, that it was not the inten-

tion to foreclose the said mortgage, but that the complaint was filed merely to give the trustees a standing in court, so they could exercise some oversight over the receiver of the said property under said mortgage, and petitioner did not suppose any action would be finally taken without some notice to him, in order that he might appear and contest the same; that he supposed, under the statutes of this state, that he must have notice of the hearing on his motion before the same could be passed upon; that such notice being served upon the attorneys of record, Doolittle & Fogg, they would forward the same to petitioner; but that no notice of hearing was ever made and served upon any one and there was no hearing upon the same; that on the 23d of November, 1897, the said Doolittle & Fogg, through C. O. Bates, handed the court an order overruling the same, fraudulently causing the court to believe that this petitioner had withdrawn his objections to said action, when in fact the said C. O. Bates well knew that this petitioner was still opposed to said action;

7. That before said Doolittle & Fogg resigned as the attorneys of this petitioner they became the attorneys of Campbell, Miller and L. H. Hole, trustees, holding a certain mortgage for $20,000 on a portion of the said property described in said mortgage held by this trustee, which said mortgage is described in an answer made to the complaint herein by said Doolittle & Fogg as said attorneys for said trustees;

8. That after the filing of the said answer on behalf of the said Campbell, Miller and L. H. Hole, trustees, the said Doolittle & Fogg, through C. O. Bates, colluded with the said John A. Parker, and with W. H. Kneeland, receiver of the Shelton Southwestern Railroad Company, defendant herein, to deceive this court and cause the signing of the findings of fact and judgment and decree and the entry of the same herein, thereby defrauding this petitioner and the unsecured creditors of the said Shelton Southwestern Railroad Company, in this:

That by said judgment and decree entered herein on the 23d day of November, 1897, the said trustees, Campbell, Miller and L. H. Hole, were given a first lien on a large lot of personal property, described in the said decree,

which said property is of the value of about $10,000, upon which said personal property belonging to the said Shelton Southwestern Railroad Company the said trustees held no lien whatever, as against this petitioner, the said receiver or the unsecured creditors, by reason of the fact that the mortgage so described and set out in the said answer so filed by the said Doolittle & Fogg did not comply with the statutes of the state of Washington in regard to chattel mortgages, in that no affidavit was attached to the same as required by § 1648, 1 Hill's Code, neither was the same recorded as a chattel mortgage;

That said judgment was fraudulently obtained by reason of the fact that said Parker had no authority to represent your petitioner, which said fact was well known by both said Parker and said Doolittle & Fogg, and also by the said receiver, W. H. Kneeland;

That said complaint shows upon its face that another suit is pending in this court between the same parties upon the same subject matter; that in said cause an agreement could just as easily have been reached by all the parties hereto and a settlement made without incurring the large attorney's fee of $5,000 rendered in said judgment so entered on' the 23d day of November, 1897; that this action was brought by the said Parker simply for the purpose of securing the said fee and for no other purpose; that the same is a fraud upon the rights of this petitioner. The said Parker is not entitled to one cent of said fee;

9.   That the said mortgage under which this trustee holds the said property provides, in section 24 of the same, that the trustee may select and employ in and about said trust suitable attorneys, whose reasonable compensation shall be paid by said mortgagor and, in case of its refusal to do so, the same may become a charge upon the said property so mortgaged, superior and paramount to the said bonds; that the employment of an attorney in this proceeding is necessary on the part of your petitioner and that a reasonable attorney's fee for the same is the sum of $500;

10.   That petitioner is entitled to an order of this court restraining the sale of the said property until the final disposition of this proceeding.

Wherefore petitioner prays that the judgment and decree entered herein may be vacated, and that this cause may be dismissed, and that the receiver of the Shelton Southwestern Railroad Company be ordered to pay to J. E. Sligh, attorney for petitioner, the sum of $500, as attorney's fee and compensation for his services herein; and for an order restraining the said sale of property until the final hearing on this proceeding."

To this petition the Shelton Southwestern Railroad Company, Philip V. Anderson and John McReavy, trustees, and J. W. Campbell, J. H. Miller and L. H. Hole, trustees, respectively interposed demurrers on the grounds: (1) That the court had no jurisdiction of the person of said defendants or of the subject-matter of the proceedings; and (2) that the petition did not state facts sufficient to constitute a cause of action.     These demurrers were sustained by the court and, the appellant having elected to stand upon his petition and having declined to plead further, judgment was rendered dismissing the petition.

The respondents move this court to dismiss the appeal and to affirm the orders and judgment of the lower court for the reason:    (1) That the appellant in his notice of appeal has not designated with reasonable certainty from what judgment or orders the appeal is taken; and (2) that the appeal bond filed herein is defective and insufficient in that it fails to show on its face that said surety company has complied with the laws of the state of Washington relating to recognizances, stipulations, bonds, and undertakings, or that it is legally authorized to do business in this state.    This motion must be denied.

The notice of appeal is properly addressed to the attorneys of the respective parties, and states that the petitioner, Roberts, "appeals to the supreme court of the state of Washington, from the final orders entered herein on the 12th day of January, 1898,   .   .   .   which said order dismisses the petition herein as to the said plaintiffs

and defendants named in this notice and in the said cause."
We think this statement sufficiently designates the judg-
ment and orders appealed from.    The appeal bond was
executed by the Fidelity & Deposit Company of Maryland
as surety, and it is not stated therein that said company
has complied with the statutes of this state relating to the
powers and duties of such organizations; but we think
such statements are not necessary in bonds of this char-
acter.    If this company was not qualified to become surety
for the appellant, the question should have been raised in
the court below, and within the time designated by the
statute (Laws 1893, p. 125, § 11), and, not having been
there raised, must be deemed waived.    The respondents
also object to the consideration of certain parts of the
record in the original action which have been brought to
this court by the appellant; and, as the papers objected to
constitute no part of the record in this cause, they cannot
be considered on this appeal.

This proceeding was confessedly instituted under ch.
17, tit. 28, of Ballinger's Code, being §§ 5153-5162 there-
of (2 Hill's Code, § 1393 *et seq.*), which provides for the
vacating of judgments for certain causes therein specified.
The errors assigned by appellant are:   (1) That the court
erred in denying the motion to dismiss the action.    (2)
The court erred in finding that John A. Parker was em-
ployed to foreclose the said mortgage, and in finding that
said Parker was entitled to an attorney's fee of $5,000,
or at all.    (3) It was error to enter judgment and decree
foreclosing the said mortgage or trust deed, and to adjudge
the said Parker entitled to an attorney's fee of $5,000,
or at all.    (4) It was error to order the said property sold,
and error to confirm the sale of the same.    (5) It was error
to sustain the demurrers to the petition to vacate, and to
dismiss the same.    It is plain, we think, that the first

four assignments of error cannot be considered in this proceeding as they relate to matters occurring in the original action, and which could only be reviewed by this court on a regular appeal from the judgment therein.    The fifth assignment, therefore, is the only one which we can properly consider at this time, and the sole question to be determined is whether or not the appellant's petition states facts entitling him to the relief demanded, under the chapter of the Code above mentioned.    Section 5153 of that statute provides that the superior court in which a judgment has been rendered, or by which, or the judge of which, a final order has been made, shall have power, after the term at which said judgment or order was made, to vacate or modify such judgment or order:

" 1.    By granting a new trial for the cause, within the time and in the manner, and for any of the causes prescribed by the sections relating to new trials;

2.    By a new trial granted in proceedings against defendant, served by publication only as prescribed in section 4880;

3.    For mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order;

4.    For fraud practiced by the successful party in obtaining the judgment or order;

5.    For erroneous proceedings against a minor (or) person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings;

6.    For the death of one of the parties before the judgment in the action;

7.    For unavoidable casualty or misfortune preventing the party from prosecuting or defending;

8.    For error in a judgment shown by a minor, within twelve months after arriving at full age."

The appellant does not ask for a new trial, and therefore subdivisions one and two of this section are not applicable to the present proceeding.    And we are of the

opinion that the facts alleged in the petition (excluding mere conclusions) do not entitle the petitioner to the relief sought under either of the remaining subdivisions.   Section 5156 provides that the proceedings to obtain the benefit of subdivisions 2, 3, 4, 5, 6 and 7 of § 5153 shall be by petition, verified by affidavit, setting forth the judgment or order, and the facts constituting a cause to vacate it, and, if a party is a defendant, the facts constituting a defense to the action; and such proceedings must be commenced within one year after the judgment or order was made, unless the party entitled thereto be a minor, or person of unsound mind, and then within one year from the removal of such disability.   The next succeeding section declares that in such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service, and mode of return, and the pleadings shall be governed by the same principles, and issues be made up by the same form, and all the proceedings conducted in the same way, as near as can be, as in an original action by ordinary proceedings, except that the facts stated in the petition shall be deemed denied without answer; and the defendant shall introduce no new cause, and the cause of the petition shall alone be tried. This chapter of the statute, taken as a whole, plainly imports that the petitioner in proceedings of this character is deemed the plaintiff and the adverse party the defendant.   In other words, the proceeding to vacate or modify a judgment is in the nature of an independent action. Now it will be observed that the petition in this instance fails entirely to set forth the judgment and decree complained of, or, except by inference, that any judgment or decree in which the appellant was interested was rendered at all.   What the original action was, or what the issues therein determined were, is not stated in this petition. It may be that the petition states facts which, if estab-

lished, would render appellant's attorneys liable to him
for whatever damage he may have sustained by reason of
their acts, but, in our opinion, it does not state facts suffi-
cient to warrant the court in vacating the judgment and
decree.   So far as the facts stated are concerned, we are
unable to perceive that there were any mistakes, neglect
or omissions on the part of the clerk, or irregularity in
obtaining the judgment, or that the judgment was obtained
by any fraud practiced by a successful party.   It is true
that the petition states, in substance, that said judgment
was fraudulently obtained by reason of the fact that said
Parker had no authority to represent the petitioner, and
that that fact was known both by said Parker and by cer-
tain attorneys who had been employed by petitioner, but
were afterwards discharged, and also by the receiver of
the railroad company; but neither that statement, nor any
other set forth in the petition, brings the case within the
terms of the statute.   It is claimed, however, by the appel-
lant that he is entitled to have the judgment of the lower
court vacated and set aside under § 4767 of Ballinger's
Code, which provides that the court may at any stage of
the proceedings relieve the party for whom an unauthor-
ized attorney has assumed to appear from the conse-
quences of his acts.   But the difficulty with this conten-
tion is that it appears by the petition and the assignment
of errors in appellant's brief that the appellant, in due
season, raised the question of the authority of the attorney
who assumed to act for the plaintiffs in the original action
by a motion to dismiss the proceeding, and that said mo-
tion was denied by the court; and, that being true, the
appellant cannot retry the question upon a petition to
vacate the judgment.

   The judgment of the court below is affirmed.

   REAVIS and DUNBAR, JJ., concur.