[No. 27337.   Department One.   October 18, 1939.]

THE STATE OF WASHINGTON, *Respondent*, v. CLAYTON D. CURRIE, *Appellant.*[1]

*Clayton D. Currie, pro se.*

*B. Gray Warner* and *John A. Burns,* for respondent.

ROBINSON, J.—This is a case wherein a defendant, convicted in a criminal action, has attempted to personally conduct his appeal.   As has heretofore occurred in such instances, but little attention has been paid to the rules of procedure, and our immediate concern is

[1]Reported in 94 P. (2d) 754.

as to whether or not we have jurisdiction to consider the matter on its merits.

It appears from the record in this case that the appellant was convicted by a jury at a trial held in King county, the Honorable Calvin S. Hall presiding, on March 31, 1938, upon the charge of having taken an automobile without permission of the owner. Motions for a new trial and in arrest of judgment were overruled on April 9, 1938.

On June 2nd, an additional information was filed against appellant as an habitual criminal. That matter came on for hearing before the Honorable James T. Lawler, sitting with a jury, and a verdict sustaining the charge was returned on July 22, 1938. On September 24, 1938, Judge Lawler denied a motion for new trial, and entered judgment. A notice of appeal was thereupon given in open court. That date, September 24, 1938, is the pivotal date in this matter, for, under our rules of procedure in criminal cases, an appeal is not effectual for any purpose unless certain steps are taken within specified periods after the date on which the notice of appeal is given.

After the notice of appeal had been given, the appellant acted as his own attorney. The record from this point on is very confusing. A great number of affidavits and letters appear in our files, purporting to show the difficulties the appellant encountered in the preparation of his appeal. They are, for the most part, *ex parte* statements of the appellant. They have, of themselves, given us a distinct impression that the principal, if not the sole, cause for the deficiencies in the record is that, in attempting to conduct his own appeal, the appellant assumed an undertaking which was far beyond his capacity and understanding. However that may be, the record definitely shows, among other things: (1) That, although the appeal was

taken on September 24, 1938, no certified copy of a statement of facts or bill of exceptions was filed in this court until January 31, 1939; (2) that the transcript of record on appeal was not filed in this court until January 31, 1939; and (3) that, although the appellant's time for filing his opening brief in this court was extended to January 3, 1939, by order of the chief justice, it was not, in fact, filed until February 14, 1939.

By subd. 3 of Rule XII of Rules of the Supreme Court, as set out in 193 Washington Reports, page 15-a, it is provided:

"3. No appeal in a criminal cause shall be effectual for any purpose unless the appellant shall, within sixty days after giving notice of appeal as hereinbefore provided, have filed or caused to be filed with the clerk of the supreme court the following:

"(a) A statement of facts or bill of exceptions served on the respondent and certified by the judge of the superior court according to the procedure, so near as may be, in civil causes;

"(b) A transcript of record certified by the clerk of the superior court, pursuant to the procedure, so near as may be, in civil causes;  .  .  .

"(d) Appellant's opening brief, prepared in accordance with the rules of the supreme court, with proof of service thereof on the respondent.

"Except as herein otherwise provided, the giving of the notice of appeal and the filing in the supreme court of a certified statement of facts, certified transcript of record, abstract of record, and appellant's opening brief, shall be jurisdictional.

"In any case where the proposed statement of facts or bill of exceptions has been filed with the clerk of the superior court within sixty days after giving notice of appeal as hereinbefore provided, but the appellant, through no fault of his own, is unable to have the same certified in time to file the same with the clerk of the supreme court within the time herein specified, the time for such certification may, upon good cause

shown, be extended by the chief justice of the supreme court, or, in his absence, any other judge thereof; and if such extension be granted, said chief justice of the supreme court or judge thereof shall, in the same order, fix the time for filing the appellant's opening brief and abstract of record."

It is apparent from the facts hereinbefore set out that appellant's transcript of record was filed in this court more than two months too late, his statement of facts, giving full force to the extension granted, twenty-eight days too late, and his opening brief, again giving full force to the extension granted, more than forty days too late.

Many criminal appeals have been dismissed in this court for failure to comply with Rule XVII [superseded by Rule XII]. Usually, such dismissals are granted on motion, many of them unresisted, and, in such instances, no opinion is written. See, however, *State v. Marcy,* 189 Wash. 493, 65 P. (2d) 1271, where the appellant was late in filing his statement of facts, and the motion to dismiss was passed to the merits.

In the recent Departmental opinion in *State v. West,* 197 Wash. 595, 86 P. (2d) 192, it was strongly suggested that, in an exceptional case, the court might have the power to disregard the requirements of Rule XVII. It is insisted that this is such a case, in that, if the rule is enforced, a man who has been sentenced to life imprisonment will be denied a review in this court simply because he has not complied with certain technical rules. We have given further consideration to the content and history of Rule XVII, and, for the reasons hereinafter set out, have become convinced that the suggestion made in the *West* case is unsound.

The state legislature, in its extraordinary session of 1925, passed an act (chapter 118, p. 187, Rem. Rev.

Stat., § 13-1 [P. C. § 8676-1] *et seq.*) entitled as follows:

"AN ACT to promote the speedy determination of litigation on the merits and authorizing the Supreme Court to make rules relating to pleading, procedure and practice in the courts of this state."

By § 1 of the act, p. 187 (Rem. Rev. Stat., § 13-1 [P. C. § 8676-1]), the supreme court was given power to prescribe by rule the pleading, practice, and procedure to be used in all suits, actions, appeals, and proceedings in the courts of whatever nature.

Section 2, p. 187, provided:

"When and as the rules of courts herein authorized shall be promulgated all laws in conflict therewith shall be and become of no further force or effect." Rem. Rev. Stat., § 13-2 [P. C. § 8676-2].

In the final sentence of § 1 of the act, the legislature prescribed the policy which the court should follow in exercising the power therein conferred:

"In prescribing such rules the Supreme Court shall have regard to the simplification of the system of pleading, practice and procedure in said courts to promote the speedy determination of litigation on the merits."

At the same session, the legislature passed an act (chapter 45, p. 38, Rem. Rev. Stat., § 10959-1 [P. C. § 3426-1] *et seq.*) providing for the creation of the judicial council, a body to be made up of the chief justice and one other judge of the supreme court, two superior court judges, a prosecuting attorney, two lawyers in private practice, the chairman of the judicial committee of the senate, and the chairman of the judicial committee of the house. The general duties of the council were prescribed as follows: To continuously survey and study the operation of the judicial department of the state; to receive and con-

sider suggestions from judges, public officers, members of the bar, and citizens as to remedies for faults in the administration of justice; to devise ways of expediting judicial business; and to submit from time to time to the courts or the judges such suggestions as it may deem advisable for changes in rules and procedure.

During the year 1930, The Superior Court Judges' Association of the state of Washington addressed a detailed communication to the judicial council pointing out the evils of delay in criminal appeals. This communication appears at page 5 of the third report of the judicial council issued in January, 1931. We quote from it briefly:

"In our opinion there is no other judicial reform to which the bench could address itself that would command a greater measure of public approbation or would offer greater possibilities of improving the administration of justice in this state. If law abiding citizens are to be given the protection to which they are entitled and if the dignity and prestige of the state are to be upheld, our system of criminal procedure must be overhauled so that the innocent will be exonerated, and the guilty punished, with a greater degree of promptness than is now required."

The communication was accompanied by a proposed modification of the rules which need not be here detailed. It will be sufficient to say that the judges proposed that the time for taking appeals in criminal cases be reduced to five days, and that the time for filing appellant's brief be limited to sixty days after the taking of his appeal.

The council at once addressed itself to the matter and, after making some changes in the tentative draft, submitted the proposed rules and the recommendation of the superior court judges to the bar of the state in the form shown in appendix "B" to its third report.

The reason for this submission is shown in that report at page 6, as follows:

"The Council in tentatively submitting a separate set of rules for expediting criminal appeals does so in recognition of the fact that the public has a vital interest in the speedy disposition of cases involving offenses against the public itself, and that, therefore, criminal appeals should be expedited so far as can be possibly done without jeopardizing the rights of the defendant. The Council recognizes that there is an accepted difference between civil and criminal appeals, in that with respect to civil matters the public owes no duty except to furnish litigants a fair tribunal in which, according to some reasonable system of procedure, they can obtain justice, but in criminal cases where the offense is against the public itself and the public is therefore vitally interested, the state has the right to set up a much more rigid and expeditious system of procedure so that delay may not, in the event of new trials, result in the weakening of memories or the loss of witnesses."

The matter was thoroughly discussed in the meetings of various local bar associations and at the meeting of the state bar. A referendum showed that the majority of the members of the bar were favorable to the proposed changes. Profiting by the many suggestions received and from a consideration of rules obtaining in other jurisdictions, the council, in June, 1934, adopted a final draft of the proposed rules and recommended their adoption by the supreme court. After due consideration, they were adopted by this court in November, 1934, to become effective on March 1, 1935. They appear as an amendment to Rule X, and as Rule XVII, Rules of Pleading, Procedure and Practice, in 178 Wash. xxxvii. Some slight additions were made as of May 1, 1938. In the latest codification of the rules, reported in 193 Washington Reports,

the existing rules governing appeals in criminal cases are consolidated as Rule XII, page 14-a.

It may well be doubted whether there is any other statute or rule in force in this state which received, before its enactment, a more thorough and a more expert study than the rule under discussion. In substantially its present form, it received thorough consideration for a considerable time by the superior court judges of the state; for, in submitting the matter to the judicial council in 1930, they accompanied it with a careful statistical study. The judicial council had the matter under advisement and consideration for four full years, in the course of which it was submitted to the members of the bar of the state and their individual and collective opinions taken by personal contact and referendum vote. In 1934, the rules were thoroughly considered by the then members of this court, and they were again considered and some minor additions made in 1938.

The fact is that our state has been both cautious and conservative in adopting rules to expedite criminal appeals. A number of our sister states began earlier and went further. Our rule did not become effective until 1935, and is designed to get the record into the appellate court within sixty-five days after judgment. According to a report of a research worker in the bureau of public administration of the University of California, published in 24 California Law Review, September, 1936, and republished in the Legal Periodical Digest of the Commerce Clearing House, Inc., for that year, page 2563, a set of rules was already in force in California, which had produced, among others, the following result:

"In the one thousand two hundred and thirty-five appeals from judgment filed in the appellate courts from 1929 to 1935, the average time consumed between

the pronouncement of judgment by the superior court and the filing of the reporter's transcript in the court of appeals was forty-four days."

Finally, although the matters with which we are dealing are embraced in what we call a rule, it is that kind of a rule which has all the force of a statute, since it was promulgated at the direct command of the legislature "to promote the speedy determination of litigation." It is true that the court has the power to change and rewrite the rule, but that is a very different thing from excepting a particular individual from its operation or excusing its violation in a particular instance. That, the court has no power to do.

At his request, the appellant was granted leave to file a supplemental brief. This was received on October 3rd, while this opinion was in course of preparation. The brief is wholly devoted to constitutional questions, thought by appellant to inhere in the merits, and contains nothing bearing upon that phase of the matter which we have herein discussed.

The appeal must be dismissed. It is so ordered.

BLAKE, C. J., MAIN, STEINERT, and JEFFERS, JJ., concur.