[No. 28119.   *En Banc.*   November 13, 1940.]

THE STATE OF WASHINGTON, *Respondent,* v. ANDREW G. NELSON, *Appellant.*[1]

*Adolf D. Koch,* for appellant.

*Ralph E. Purves,* for respondent.

MILLARD, J.—On his pleas of guilty, February 27, 1939, of the crime of incest and the crime of carnal

[1]Reported in 107 P. (2d) 1113.

knowledge of a female child, defendant was sentenced to imprisonment in the state penitentiary for not more than ten years on each charge, the sentences to run concurrently. From the judgment entered March 2, 1939, the defendant did not appeal. On February 26, 1940, appellant filed his motion to vacate the judgment and sentences on the grounds (1) that his pleas of guilty were induced by fraud, coercion, threats, and duress, on the part of the prosecuting attorney and sheriff of Kitsap county and were not free and voluntary confessions in open court; (2) that, while he was incarcerated in the Kitsap county jail, prior to his plea of guilty, February 23, 1939, to February 27, 1939, he was not permitted to obtain an attorney who would advise him as to his rights; and (3) that he is innocent of the crimes with which he was charged and of which he was convicted.

No answer was filed by the state, and the cause came on for trial to the court, the allegations of defendant being deemed, under the statute (Rem. Rev. Stat., § 468 [P. C. § 8134]), denied in the absence of an answer. On May 6, 1940, the court entered an order denying the motion to vacate the judgment and sentences, from which order defendant gave oral notice of appeal to this court.

The state moves that the appeal be dismissed, under the following provisions of Rule XII (193 Wash. 15-a), on the ground that the transcript of record and statement of facts were not filed in this court within sixty days after appellant gave notice of appeal:

"No appeal in a criminal cause shall be effectual for any purpose unless the appellant shall, within sixty days after giving notice of appeal as hereinbefore provided, have filed or caused to be filed with the clerk of the supreme court the following:

"(a) A statement of facts or bill of exceptions served on the respondent and certified by the judge of

the superior court according to the procedure, so near as may be, in civil causes;

"(b)  A transcript of record certified by the clerk of the superior court, pursuant to the procedure, so near as may be, in civil causes;  . . .

"Except as herein otherwise provided, the giving of the notice of appeal and the filing in the supreme court of a certified statement of facts, certified transcript of record, abstract of record, and appellant's opening brief, shall be jurisdictional.  . . .

"If not filed within the time prescribed by this rule, the statement of facts or bill of exceptions shall not be considered and no question shall be reviewable on the appeal except the legal sufficiency of the indictment or information.

"Whenever an appeal shall be properly filed in the supreme court in accordance with this rule, the clerk of the supreme court shall immediately send a written notice thereof to the clerk of the superior court to be filed as part of the record in said court, and shall simultaneously send a copy of said notice to the attorney for the respondent."

The notice of appeal from the order denying the motion to vacate the judgment was given May 6, 1940. The transcript of record and statement of facts were received by the clerk of this court July 5, 1940, the sixtieth day after notice of appeal was given.  The appellant did not transmit the filing fee with the transcript and statement of facts.  The clerk of this court notified counsel for appellant July 5, 1940, that the transcript, statement of facts, and exhibits in the cause had been received; and that, on receipt of the filing fee of five dollars, the papers would be filed.

In reply to that communication, counsel for appellant informed the clerk of this court by letter dated July 6, 1940 (received by the clerk Monday, July 8, 1940), that he was not familiar with the procedure in this class of cases; that he was of the impression, gained from conversation with the clerk of the superior

court for Kitsap county and one of the visiting auditors from the office of the state auditor, that appellant was not required to pay any fee. He added that he would "send you my check" if the clerk, upon consideration of the question, was of the view that appellant was required to pay the fee.

By letter dated July 8, 1940—the same date he received counsel's communication of July 6, 1940—the clerk of this court advised appellant's counsel that appellant was required to pay the filing fee. On July 13, 1940—sixty-eight days after the notice of appeal was given—the clerk of this court received from counsel for appellant the fee of five dollars, and on that date the statement of facts and transcript of record were filed in the office of the clerk of this court.

This is an appeal from an order in a proceeding which was initiated (under Rem. Rev. Stat., § 464 [P. C. § 8130], subd. 4) in a criminal cause for the vacation of a criminal judgment for fraud practiced by the successful party in obtaining the judgment. *State ex rel. Lundin v. Superior Court,* 90 Wash. 299, 155 Pac. 1041.

■ ·  The term "proceeding" means all the steps or measures adopted in the prosecution or defense of an action. A criminal action, case, or cause is an action, case, or cause instituted on behalf of the state in order to vindicate the law by the punishment of a public offense. See *Seattle v. Bell,* 199 Wash. 441, 92 P. (2d) 197. A "criminal proceeding" presupposes the existence of a "criminal action," a "criminal case," or a "criminal cause;" and the term "criminal proceeding" means any step taken in the progress of a criminal action, criminal case, or criminal cause.

Whether an appeal to this court is from a judgment of conviction or is an appeal from an order denying

a motion for vacation of judgment of conviction, the appeal is "in a criminal cause." An appeal from an order in a proceeding for vacation of judgment of conviction is an appeal in a criminal cause within purview of the rule (Rule XII, subd. 3, 193 Wash. 15-a) quoted above, since the cause was in its inception a criminal cause and the subsequent proceeding to vacate the judgment of conviction in that cause did not divest it of its criminal character.

Apposite in principle is *Seattle v. Bell,* 199 Wash. 441, 92 P. (2d) 197, in which we held that the rule as to the time in which notice of appeal in a criminal case must be taken was applicable to appeal from an order of the superior court in a certiorari proceeding setting aside an order of a police judge sustaining demurrers in a criminal case. We said:

"It is clear that, in its inception, the proceeding before the police court was essentially a criminal cause. We hold that the certiorari proceedings which followed did not divest the cause of its criminal character. If the case is a criminal action at the outset, the rules applicable to criminal causes continue to operate during all phases of the trial, including appeal."

Rule XII, invoked by respondent's motion for dismissal of the appeal, provides that no appeal in a criminal cause shall be effectual for any purpose unless the appellant, within sixty days after giving notice of appeal, files or causes to be filed with the clerk of this court the transcript of record and statement of facts.

██ The clerk of this court refused to file the transcript of record and statement of facts, which were delivered to him by appellant within the required sixty-day period, until payment of the filing fee, which was not made until sixty-eight days after appellant gave notice of appeal.

The affidavit of counsel for appellant excusatory of his delay in paying the fee, which payment was prerequisite to filing the papers, is to the effect that he was ignorant of the rule and that he relied upon certain misinformation, recited above, respecting the rules governing appeals in criminal causes.

The statute (Rem. Rev. Stat., § 497 [P. C. § 7477-84]) provides that, upon filing his first paper or record and making an appearance in this court, the appellant shall pay to the clerk of this court a docket fee of five dollars. The filing fee is payable in advance. That payment is a condition precedent to the filing of the first paper and making an appearance in this court. Under the statute, the clerk of this court cannot be required to perform any official act unless the required fee therefor is paid when he demands same. Rem. Rev. Stat., § 505 [P. C. § 7496].

The statute is mandatory, and the payment of the filing fee in advance is a condition precedent to the filing of the transcript of the record and the statement of facts. As the payment of the fee is made a necessary prerequisite to filing, no filing is effected without the payment of the fee. 3 C. J. 1103, 1246.

In *Hilts v. Hilts*, 43 Ore. 162, 72 Pac. 697, it was held that the general rule that a paper is filed when it has been delivered to the proper officer and received to be kept in the official records, does not apply where the payment of a stated fee is made a prerequisite—in the latter case, the paper is not filed until the fee has been paid; that, where a statute requires, as do the rule and statute in this state, that a transcript shall be filed with the clerk of the appellate court within a certain time and that the appellant on filing the transcript shall pay a stated fee in advance, the transcript is not filed until the fee has been paid, notwithstanding its delivery into the possession of the

officer, and that advantage may be taken of the failure to file the transcript in time by motion to dismiss the appeal.

In *Jacobsen v. Jeffries,* 86 Utah 587, 47 P. (2d) 892, it was held that leaving a paper with a filing officer, a fee for the filing of which, as in the case at bar, is by the statute required to be paid in advance, is not a filing.

In *Howe v. Federal Surety Co.,* 161 Okla. 144, 17 P. (2d) 404, it was held that the statutory requirement for deposit of a stated amount for costs in each cause filed in the supreme court was as much a prerequisite as the filing within the time allowed by law, "as much so as the presentation of a case-made or transcript. It is jurisdictional, and so held in this and other jurisdictions." The court quoted approvingly the following from the opinion in *Hilts v. Hilts,* 43 Ore. 162, 72 Pac. 697:

"The fee not having been paid in advance, there was no filing, within the purview of the law, within the prescribed limit for filing such transcript; hence the motion should be allowed, and the appeal dismissed. However desirous it may be to have causes disposed of on their merits, the court cannot evade or override a positive statute to enable it to do so. Indeed, it can acquire no jurisdiction for that purpose in the face of such statute."

In *Lum v. Fairbanks,* 155 Mich. 23, 118 N. W. 578, it was held that the requirement of the statute that the filing fee be paid in advance was mandatory and that an appeal was not perfected until the fee was paid; that an appeal is not perfected if the fee is not paid until after the time has elapsed in which the papers must be filed to perfect the appeal. See, also, *Trombly v. Klersy,* 139 Mich. 311, 102 N. W. 736; *West v. Reynolds,* 94 N. C. 333; *State v. Chicago & E. I. R. Co.,* 145 Ind. 229, 43 N. E. 226.

*Anderson v. Dunegan,* 217 Iowa 1210, 245 N. W. 326, is not in point. Neither is ·it in harmony with the overwhelming weight of authority to the effect that a statute or court rule which requires collection of filing fees in advance is mandatory, and is a condition precedent to filing.

In *State v. Martin,* 52 Mo. App. 71, it was held that when the defendant in a criminal cause appeals but fails to pay the clerk of the appellate court the filing fee, and in consequence the cause is not docketed, the state may procure an affirmance of the judgment on production of a short record. The court said:

"Whatever the rule may be in civil cases, it is evident that in criminal cases a failure on part of the appellant to take all necessary steps to have the cause docketed is a failure to prosecute his appeal; any other view would postpone the hearing of these causes on appeal indefinitely, since the state has no funds wherewith to pay a docket fee, which the appellant should have paid, and the prosecuting attorney cannot be expected to advance the amount on his own risk."

In the criminal case of *Robinson v. State,* 184 Ga. 352, 191 S. E. 113, the supreme court of Georgia held that where the costs due in the supreme court were not paid and a proper affidavit *in forma pauperis* was not filed the writ of error would be dismissed. See *Converse v. Berry,* 131 Okla. 188, 268 Pac. 235, and *Doan v. State,* 12 Okla. Crim. 98, 152 Pac. 141.

■ Rule XII of this court, which provides the steps essential to make an appeal in a criminal cause effective for any purpose, became effective August 1, 1938. Any suggestion that the facts make this an exceptional case, therefore we may have the power to disregard the requirements of the rule, would be without merit. *State v. Currie,* 200 Wash. 699, 94 P. (2d) 754. It was unsuccessfully contended in *State v. Currie, supra,* in which the appellant's transcript of record was filed

in this court twenty-eight days too late, due to the fact that, in attempting to conduct his own appeal, the appellant assumed an undertaking beyond his understanding, that that was an exceptional case presenting a situation where, if the rule were enforced, the appellant, who had been sentenced to life imprisonment, would be denied a review in this court simply because of noncompliance with certain technical rules. We dismissed the appeal, holding that, while we had the power to change and rewrite the rule, we would not except a particular individual from its operation or excuse its violation in a particular instance.

Even if the statute were not mandatory, the circumstances of the delay in filing the transcript of record and statement of facts are not such as would permit appellant to invoke the discretionary power of this court to save the appeal. The delay due to counsel's ignorance of the statute and the rules and counsel's undue reliance on misinformation received by him from a county clerk and another official, would not constitute excusable delay. 3 C. J. 1245.

The motion to dismiss the appeal is granted.

ROBINSON, JEFFERS, STEINERT, and SIMPSON, JJ., concur.

BEALS, J. (dissenting)—The majority hold that the appeal herein is taken in a criminal cause, and that, because the record was not filed in the office of the clerk of this court within sixty days after the giving of the notice of appeal, the appeal must be dismissed under rule XII (193 Wash. 15-a).

As stated by the majority, this is an appeal from an order denying appellant's motion to vacate the judgment and sentences entered against him in an action instituted by the state by way of information charging appellant with divers crimes, to which appellant had

pleaded guilty. Appellant's motion to vacate the judgment and sentences was based upon his contention that his pleas of guilty had been induced by fraud, coercion, threats, and duress on the part of public officers; upon the further ground that his rights under the constitution and laws of this state had been infringed; and finally, that he is innocent of the crimes with which he was charged and for which he was sentenced.

Rule XII, quoted in the majority opinion, refers to appeals in criminal causes. If this is an appeal in a criminal cause, the majority opinion is correct in dismissing the same as not timely prosecuted.

As stated in the majority opinion, this is an appeal from an order entered in a proceeding initiated under Rem. Rev. Stat., § 464 [P. C. § 8130], subd. 4, for the purpose of setting aside a judgment of guilty entered in a criminal cause instituted by the state against the appellant herein, the relief asked for being sought upon the ground of fraud practiced by officers of the state in obtaining the judgment. The merits of the judgment are not here in issue. If appellant succeeds in setting aside the judgment of guilty, the proceeding is still pending against him for trial.

It is true that this is an appeal taken within the four corners of a proceeding entitled "State of Washington v. Andrew G. Nelson," in which the defendant (appellant herein) was charged with crimes, but, in my opinion, that does not necessarily make this an "appeal in a criminal cause," within the meaning of rule XII. The rule should be construed fairly and reasonably, and should not be extended to cases possibly within its letter but by no means within its spirit. The rule was adopted in order to expedite the review by this court of judgments entered in trials in which persons were charged with offenses against

our criminal laws. It is important to the administration of our criminal statutes that such appeals be heard and disposed of as promptly as may be, consistent with the preservation of the rights of the parties. The rule, however, should not be extended by construction to include appeals in matters which have nothing to do with the determination of the guilt or innocence of one charged with an offense, and which concern matters strictly equitable in their nature.

From an early date, this court adopted the view that a proceeding instituted for the purpose of vacating a judgment is, in effect, a new action and not a continuation of the original proceeding. *Roberts v. Shelton Southwestern R. Co.*, 21 Wash. 427, 58 Pac. 576.

In the case of *Cooper v. Cooper*, 83 Wash. 85, 145 Pac. 66, this court said:

"It will be noted that this proceeding by petition is, in its nature, a new and independent proceeding, in which the adverse party is brought into court as upon original process by service of a notice in the nature of a summons as in an original action. Clearly this proceeding by petition is intended as a statutory substitute for a bill in equity to set aside a judgment for certain causes, if brought within the year after its rendition. For every practical purpose, such a proceeding is, in its nature, a new and independent proceeding involving issues and requiring evidence which may be wholly independent of the issues and evidence in the original action."

In 34 C. J. 323, § 542, referring to the statutory proceeding for the vacation of a judgment, it is said that "such statutory proceeding, while incidental to the original action is, in effect, a new action equitable in character."

3 Bancroft's Code Practice and Remedies 2451, § 1857, is to the same effect.

In *Denny-Renton Clay & Coal Co. v. Sartori*, 87

Wash. 545, 151 Pac. 1088, Rem. Rev. Stat., § 464, is discussed, and in *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158, this court said: "But the statutory proceeding to vacate a judgment is but a statutory substitute for the bill in equity for the same purpose." In the case of *Meeker v. Meeker,* 117 Wash. 410, 201 Pac. 786, in which a similar question was considered, we said:

"In the cases of *Roberts v. Shelton & Southwestern R. Co.* and *Cooper v. Cooper, supra,* we approved the procedure, but held that for every practical purpose such a proceeding, involving issues and requiring evidence which may be wholly independent of the issues and evidence in the original action, and 'in which the parties, regardless of their designation in the original action, occupy the relation of plaintiff and defendant according to the issues presented by the petition, and in which those issues may take all the range of an independent bill in equity for relief against the judgment is, in its very nature, new proceeding . . . ' *Cooper v. Cooper, supra.*"

In considering a similar question, the supreme court of Kansas, in the case of *State v. Soffietti,* 90 Kan. 742, 136 Pac. 260, said:

"The proceeding to vacate, while incidental to the original action, is, in effect, a new action, equitable in character, and the initiatory steps are therefore very material."

The supreme court of Oklahoma held that an action to vacate a judgment is a civil action rather than a special proceeding. *Dardenne v. Daniels,* 101 Okla. 201, 225 Pac. 152; *Stout v. Derr,* 171 Okla. 132, 42 P. (2d) 136.

In the majority opinion, a criminal action is defined as one instituted on behalf of the state in order to vindicate the law by the punishment of a public offense. While the original case against appellant falls within

this classification, appellant's motion to vacate the judgment entered against him does not fall within any such classification. It is, in effect, an equitable proceeding; and while entitled in the original criminal cause, it nowise concerns the merits of that action or appellant's guilt or innocence of the offenses with which he was charged, and for which, if he prevails in his motion to set aside the judgment, he may still be tried.

By his motion, appellant merely sought to obtain what he contends are his rights to a fair trial, which rights he contends were not accorded him in the course of the proceeding leading up to the judgment which he now attacks. Appellant, by his motion, seeks an opportunity to show that in the judgment entered against him, there lurks some irregularity, some fraud, which resulted in depriving him of his constitutional and statutory rights. Appellant's motion, in my opinion, presents a new and different cause of action, entirely separate and apart from the criminal proceeding which was instituted against him.

For the reasons stated, it is my opinion that this appeal is not one prosecuted in a criminal cause, and that the appeal is not governed by rule XII, quoted in the majority opinion and above referred to. Appellant's appeal having been otherwise timely, I dissent from the dismissal thereof.

BLAKE, C. J., MAIN, and DRIVER, JJ., concur with BEALS, J.