[No. 28433. Department One. January 5, 1942.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES L. CONNERS, *Defendant*, GEORGE SANDROS, *Appellant*.[1]

*Robertson & Smith* and *Joseph A. Albi* (*W. H. Abel* and *T. H. McKay,* of counsel), for appellant.

*C. C. Quackenbush* and *R. Max Etter,* for respondent.

DRIVER, J.—This is an appeal by defendant George Sandros from a judgment of conviction, based upon the verdict of a jury, on each of two counts of an information charging him with the commission of the crime of grand larceny. Judgment and sentence was entered on May 7, 1941, and the notice of appeal was served and filed on May 9, 1941. On July 7, 1941, fifty-nine days after notice of appeal had been given, the clerk of this court received the transcript of record, statement of facts, abstract, and appellant's opening brief, but appellant failed to pay the required appearance fee of five dollars. On July 10, 1941, sixty-two days after the giving of notice of appeal, the clerk received the filing fee, and the record and brief were filed on that day.

[1]Reported in 120 P. (2d) 1002.

Rule XII, subd. 3, Rules of the Supreme Court (193 Wash. 15-a), in part, provides:

"No appeal in a criminal cause shall be effectual for any purpose unless the appellant shall, within sixty days after giving notice of appeal as hereinbefore provided, have filed or caused to be filed with the clerk of the supreme court the following:

"(a) A statement of facts or bill of exceptions served on the respondent and certified by the judge of the superior court according to the procedure, so near as may be, in civil causes;

"(b) A transcript of record certified by the clerk of the superior court, pursuant to the procedure, so near as may be, in civil causes;

"(c) Appellant's abstract of record where required by the rules of the supreme court, with proof of service thereof on the respondent;

"(d) Appellant's opening brief, prepared in accordance with the rules of the supreme court, with proof of service thereof on the respondent.

"Except as herein otherwise provided, the giving of the notice of appeal and the filing in the supreme court of a certified statement of facts, certified transcript of record, abstract of record, and appellant's opening brief, shall be jurisdictional."

██ The appellant has failed to comply with the requirements of the rule, and the appeal must be dismissed. *State v. Currie,* 200 Wash. 699, 94 P. (2d) 754; *State v. Nelson,* 6 Wn. (2d) 190, 107 P. (2d) 1113; *State v. Hampson,* 9 Wn. (2d) 278, 114 P. (2d) 992. Although the record and brief were received by the clerk on the fifty-ninth day after the initiation of the appeal, the filing did not become effective until the appellant's appearance fee had been paid. *State v. Nelson, supra,* a recent *En Banc* decision of this court, is controlling on that point. There, the appellant (defendant) lodged his transcript of record and statement of facts with the clerk of this court on the sixtieth day after the giving of the notice of appeal, but the

filing fee did not reach the clerk until the sixty-eighth day. We dismissed the appeal. The following excerpt from the majority opinion in the *Nelson* case is equally applicable here:

"The statute (Rem. Rev. Stat., § 497 [P. C. § 7477-84]) provides that, upon filing his first paper or record and making an appearance in this court, the appellant shall pay to the clerk of this court a docket fee of five dollars. The filing fee is payable in advance. That payment is a condition precedent to the filing of the first paper and making an appearance in this court. Under the statute, the clerk of this court cannot be required to perform any official act unless the required fee therefor is paid when he demands same. Rem. Rev. Stat., § 505 [P. C. § 7496].

"The statute is mandatory, and the payment of the filing fee in advance is a condition precedent to the filing of the transcript of the record and the statement of facts. As the payment of the fee is made a necessary prerequisite to filing, no filing is effected without the payment of the fee. 3 C. J. 1103, 1246."

The appeal is dismissed.

ROBINSON, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.