[No. 29699. Department One. October 5, 1945.]

THE STATE OF WASHINGTON, *Respondent*, v. LEON WISE, *Appellant*.[1]

*Leon Wise, pro se.*

*John Horrigan,* for respondent.

STEINERT, J.—This is an appeal from an order denying a motion to vacate a judgment of conviction and sentence for a criminal offense.

The facts essential to a consideration and disposition of the case are as follows: On January 31, 1944, a judgment

[1]Reported in 162 P. (2d) 295.

was duly entered in the superior court for Franklin county convicting appellant, Leon Wise, of the crime of statutory rape and sentencing him to confinement in the state penitentiary for a stated period of years. Appellant gave due notice of appeal from that judgment and deposited a required sum of money as bail to insure his appearance before the court and obedience to its orders pending the appeal.

On May 12, 1944, the appeal was dismissed because of appellant's failure to file his opening brief on appeal within the ninety days required by Rule 12(3)(c), Rules of the Supreme Court (18 Wn. (2d) 15a). Appellant then filed a motion to reinstate his appeal, and that motion was also denied. On July 11, 1944, a judgment dismissing the appeal was entered in this court, and a certificate of remittitur was immediately forwarded to the superior court for Franklin county.

Thereafter, on April 24, 1945, appellant filed in the original cause, as docketed in Franklin county, a motion to vacate the judgment and sentence originally entered by that court. The grounds of his motion as alleged therein were (1) that the prosecuting witness in the original cause was intimidated by the court and acting prosecuting attorney into giving false testimony against appellant, and that such intimidation had just recently been discovered by him; and (2) that appellant was prevented from having a fair and impartial trial by reason of the preconceived and publicly announced statements made by the trial judge before and during the progress of the trial.

The motion, which was unsupported by any affidavit, came on for hearing before the superior court on April 30th. Appellant did not appear at the hearing, nor was any evidence offered in substantiation of his motion. The court therefore denied the motion and on the following day, May 1, 1945, signed and entered a formal order of denial, reciting in the order that it was for lack of jurisdiction in the court to vacate the judgment and sentence.

On May 9, 1945, which was eight days after the entry of the order denying the motion to vacate, the appellant filed a written notice of appeal from that order. The record does

not disclose that the notice of appeal was ever served upon the prosecuting attorney.

The question sought to be presented by the briefs on this appeal is whether the time limited by law for the filing of a motion to vacate a judgment and sentence, in a criminal action, runs from the date of entry of the judgment of conviction and sentence, or from the date of entry of the remittitur on appeal from such judgment. Appellant's contention, as argued in his present brief, is that the time runs from the date of entry of the remittitur, in which event his motion to vacate would be timely. Respondent's contention is that the time runs from the date of entry of the original judgment of conviction and sentence, in which event appellant's present motion would not be timely.

If this appeal can be considered upon the merits of the question presented by the briefs, the answer thereto would dispose of the case. For reasons which will presently appear, however, our consideration of that question is foreclosed by the state of the record before us.

Whether a motion to vacate a judgment of conviction and sentence, in a criminal action, is to be considered as a civil proceeding or as a criminal proceeding, might, in a normal case, be an important question, in view of the differing requirements affecting an appeal in such proceedings. That question, however, has not been argued or presented by either party to this appeal, and for that reason, and for the additional one presently appearing, we make no pronouncement thereon, although, as will later appear herein, that particular question has recently been decided by this court.

■ Whether the proceeding be viewed as civil or as criminal in nature, the result in this case must be the same. If the proceeding be viewed as a civil one, then the appellant was required to give a bond on his present appeal, as required by Rem. Rev. Stat., § 1721 [P. P. C. § 5-15]. That he did not do and, under that assumed aspect of the proceeding, his appeal would have to be dismissed. *Warfield v. Thelen*, 22 Wn. (2d) 100, 154 P. (2d) 305.

■ If, on the other hand, a proceeding such as the present one be considered to be a criminal cause, as was

held in *State v. Nelson,* 6 Wn. (2d) 190, 107 P. (2d) 1113, which was an *En Banc* decision, then appellant was required to effectuate his appeal in accordance with the requirements of Rule 12, Rules of the Supreme Court (18 Wn. (2d) 14-a), which provides:

"(1) (a) In criminal causes, in order to initiate an appeal, notice of appeal to the supreme court shall be given in open court at the time, or written notice of appeal shall be served upon the prevailing party and filed in the office of the clerk of the superior court *within five days* after the entry, of judgment or order from which the appeal is taken. . . .

"(3) Strict conformance with the following requirements shall be necessary, and no appeal to the supreme court in a criminal cause shall be effectual unless:

"First, notice of appeal shall have been given in the manner and at the time specified in (1) (a) of this rule." (Italics ours.)

Appellant did not give notice of appeal in open court "at the time," and his written notice, of which there is no proof of service on the "prevailing party," was not filed within five days after the entry of the order denying his motion to vacate the judgment and sentence. His appeal, if considered as having been taken in a criminal cause, was therefore ineffectual. Cases wherein the various jurisdictional requirements of the foregoing rule were strictly enforced are: *State v. Currie,* 200 Wash. 699, 94 P. (2d) 754; *State v. Nelson, supra; State v. Conners,* 12 Wn. (2d) 128, 120 P. (2d) 1002.

Accordingly, in whatever light we consider the nature of the present proceeding, the appeal will have to be dismissed for failure to comply with the necessary requirements. It is so ordered.

BEALS, C. J., MILLARD, SIMPSON, and MALLERY, JJ., concur.