# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

JEFFREY MARK MILLER,

Appellant.

DIVISION ONE

No. 81840-6-I

UNPUBLISHED OPINION

DWYER, J. — Jeffrey Miller appeals from the judgment entered on a jury's verdicts finding him guilty of possession of a stolen vehicle and two counts of bail jumping. He contends that the trial court abused its discretion when it refused to instruct the jury that constructive possession cannot be proved by mere proximity. Further, he avers that the jury's verdicts on both counts of bail jumping were not supported by a constitutionally sufficient quantum of evidence. Finding no error, we affirm.

I

On the morning of April 27, 2018, Vladimir Akinshev discovered that his work truck was missing from the front yard of his home where he had parked it. Akinshev called the police. The truck was equipped with a GPS tracking device. Akinshev provided screenshots from the tracking device to the police. Officer Donald Rose went to the location indicated by the tracking device and found the vehicle.

Officer Rose observed Jeffrey Miller leaning into the left side of the vehicle's cargo area. Miller was bent at the waist and his head, arms, and upper torso were inside the vehicle. Officer Rose used his radio to request assistance.

Miller left the vehicle and began walking away. About two minutes after Miller had left Officer Rose's sight, another police officer, Deputy Arthur Centoni, arrived. Deputy Centoni and Officer Rose searched the area where Officer Rose had last seen Miller walking. Officer Rose discovered Miller "curled up" under a trailer.

Officer Rose ordered Miller to show his hands and to come out from under the trailer. After Miller had done so, Officer Rose placed Miller in handcuffs. Officer Rose then advised Miller of his Miranda[1] rights. Miller explained that he knew that the vehicle was stolen and that he believed it had been stolen (and left where the officers found it) by someone named "Richie." Miller stated that he knew the truck was stolen because "[n]o one leaves a car here that long." Miller told Officer Rose that he had been in the bed of the truck because he did not want to "get in trouble" for the stolen truck, and therefore was trying to find a way to "get rid of it." Miller was arrested and charged with possession of a stolen motor vehicle.

On July 12, 2018, the trial court entered an order continuing the trial and requiring Miller to appear for an omnibus hearing on September 13, 2018. The order was signed by both Miller and his attorney. Miller failed to appear on

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

September 13, 2018, and a bench warrant was issued. The State amended the information to add a count of bail jumping.

On September 25, Miller appeared in court and the judge quashed the warrant. Miller signed a new scheduling order indicating that he was required to be present for a hearing on November 8. On November 8, Miller again failed to appear. A bench warrant was issued. A second count of bail jumping was added to the information.

At trial, Miller's counsel requested that the jury be instructed about constructive possession, specifically that "[m]ere proximity or momentary handling is not enough to support a finding of constructive possession." The trial court rejected the proposed instruction, reasoning that while it might be appropriate in cases dealing with "very portable" substances such as drugs or weapons, it was not applicable to possession of a stolen vehicle. The State argued that Miller actually possessed the truck, not that he constructively possessed the truck, and that the instruction was unnecessary. The jury was instructed that

> [a] person commits the crime of Unlawful Possession of a Stolen Vehicle when he or she possesses a stolen motor vehicle.
> Unlawful possession of a stolen vehicle means knowingly to *receive, retain, possess, conceal, or dispose* of a stolen motor vehicle knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

Jury Instruction 12 (emphasis added).

Miller was found guilty of possession of a stolen vehicle and both counts of bail jumping. He now appeals.

3

II

Miller contends that the trial court abused its discretion by rejecting his proposed instruction on constructive possession. Because constructive possession was not at issue, we disagree.

We review the trial court's refusal to issue a jury instruction based on the evidence in a case for abuse of discretion. State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998). A trial court abuses its discretion when its decision is "manifestly unreasonable or based upon untenable grounds or reasons." State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A trial court does not err by refusing to issue a specific instruction when a more general instruction adequately explains the law and allows each party to argue its case theory to the jury. State v. Hathaway, 161 Wn. App. 634, 647, 251 P.3d 253 (2011).

Here, the trial court gave the jury a complete and accurate statement of the law that did not deprive Miller of his ability to present a defense. Miller was not defending against an allegation of constructive possession. Therefore, his argument that he did not actually possess the truck was not precluded by the absence of an instruction that "[m]ere proximity or momentary handling is not enough to support a finding of constructive possession." See State v. Castle, 86 Wn. App 48, 61-62, 935 P.2d 656 (1997) ("mere proximity" instruction not required when the State did not rely on mere proximity to prove possession). Given that there was no argument or evidence presented that Miller's possession

of the stolen truck was constructive, an instruction on constructive possession was both unnecessary and potentially confusing to the jury.

Because the trial court's instructions gave a complete and accurate statement of the law and Miller was not precluded from arguing his theory of the case, the trial court did not abuse its discretion when it refused to give Miller's proposed instruction.

III

Miller next asserts that insufficient evidence supports his convictions for bail jumping. Because a rational trier of fact could have found that all of the elements of bail jumping had been proved beyond a reasonable doubt, we disagree.

The due process clauses of the federal and state constitutions require that the government prove every element of a crime beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (citing U.S. CONST. amend. XIV, § 1); State v. Johnson, 188 Wn.2d 742, 750, 399 P.3d 507 (2017) (citing WASH. CONST. art. I, § 3). After a verdict, the relevant question when reviewing a challenge to the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

"A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." State v. Salinas, 119

5

Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." State v. Partin, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977).

At trial, the elements of bail jumping were as set forth in former RCW 9A.76.170(1) (2001),[2] which provided:

> Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state . . . and who fails to appear . . . is guilty of bail jumping.

Thus, to prove that Miller was guilty of bail jumping, the State was required to establish: (1) that he was held for, charged with, or convicted of a particular crime; (2) that he was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and (3) that he knowingly failed to appear as required. State v. Williams, 162 Wn.2d 177, 184, 170 P.3d 30 (2007).

Miller challenges the sufficiency of the evidence that he had knowledge of the subsequent personal appearance requirement. Miller contends that because there was no testimony from an individual present in court when the September 13 and November 8 hearings were scheduled, the State failed to prove that Miller received actual notice.

This argument is not persuasive. The State was not required to present witnesses that were present in court on the days that the scheduling orders were

---

[2] In 2020, the legislature amended RCW 9A.76.170. We cite to the version of the statute that Miller was charged with violating.

entered. The State presented testimony about the procedures by which defendants are typically notified of hearing dates. The State also presented copies of the two scheduling orders, each of which had been signed by both Miller and his attorney. A rational trier of fact could conclude from this evidence that Miller had knowledge of the subsequent hearing dates.

Affirmed.

Dwyer, J.

We concur:

Mann, C.J.