[No. 16-40111-3.   Division Three.   November 28, 1969.]

LOTTIE HAASZE *et al., Appellants,* v. W. A. MCCONNACHIE
*et al., Respondents.*

*Elwood Hutcheson* (of *Cheney & Hutcheson*), for appellants.

*Dale F. McKenzie,* for respondents.

MUNSON, J.—Plaintiffs appeal from a dismissal of their action for a real estate broker's commission, based upon a listing agreement, contending that the findings of fact entered by the trial court do not support the judgment of dismissal.

The listing agreement, insofar as pertinent, provides as follows:

Listing Agreement

THE LOWER YAKIMA VALLEY BOARD OF REALTORS

To Grandview Inv. Co.

> For value received in consideration of your listing for sale and the services to be rendered by you in endeavoring to effect a sale of the real estate hereinafter described, I hereby make, constitute and appoint you my exclusive agent with the exclusive right to sell, (not excepting myself) said real estate according to the terms herein stated; said authority to be continuous until June 15, 1964 and two weeks written notice thereafter.

Finding of fact No. 2 states in part

> that on July 16th, 1964 the Defendants in a letter in writing to the Grandview Investment Company, cancelled the listing agreement . . .

Finding of fact No. 3 states in part

> That on July 18th, 1964 Plaintiff procured a purchaser, namely W. L. Wagner, who was ready, able and willing to purchase the Defendants' said property . . .

Yet, in the conclusions of law entered, it was held that at the time of the purported sale on July 18th, no agreement between the parties existed and the complaint was dismissed with prejudice.

Judgment for defendants was entered October 6, 1967. Plaintiffs appeal. Defendants received plaintiffs' brief on May 22, 1968. For the first time, defendants learned of plaintiffs' assignment of error and that no statement of facts had been prepared. Defendants ordered a statement of facts which was certified by the trial court and filed with the clerk of that court on July 3, 1968, and with the Supreme Court on July 5, 1968, all without notice or service upon the plaintiffs. The statement of facts, and defendants' brief, were finally served upon the plaintiffs on August 30, 1968. Plaintiffs then moved to strike the statement of facts based on defendants' failure: (1) to file same within 90 days of appeal since no extension had been granted; and (2) to serve same upon plaintiffs 10 days before certification. This court reserved ruling on that motion until after oral argument on the merits.

Plaintiffs' position is simple. They contend compli-

ance with ROA 34 or CAROA 34 is mandatory; therefore, the statement of facts must be stricken. With this we cannot agree. Compliance with ROA 34 and CAROA 34 is not jurisdictional; it is discretionary with the court. *Neal v. Green,* 68 Wn.2d 415, 413 P.2d 339 (1966). In the instant case, defendants' failure to file the statement of facts within the 90-day period was excusable, because defendants did not know that the plaintiffs had not prepared one until they received plaintiffs' brief long after the 90-day period had expired. These facts standing alone would not justify this court in striking the statement of facts. However, the defendants' failure to serve the statement upon the plaintiffs before certification, as required under ROA 36 and CAROA 36, is not excusable in the absence of some showing of justification. Therefore, the motion to strike the statement of facts must be granted.

Having no statement of facts before it, this court must accept the trial court's findings as verities. *Clark v. Fowler,* 58 Wn.2d 435, 363 P.2d 812 (1961).

Both parties concede that the findings do not support the conclusions and the judgment. However, defendants urge that the date of July 16, 1964 in finding of fact No. 2 is a typographical error and that it should have been June 16, 1964. There appears to be merit in this contention. The exhibits are before this court upon the bill of exceptions. The court notes that the only letter written by the defendants in the exhibits, *i.e.* exhibit No. 9, is dated June 16, 1964.

Judgment is reversed and the cause remanded with instructions to enter conclusions of law and judgment in conformity herewith or, in the alternative, to enter such other findings of fact and conclusions of law as the record will sustain. The costs in the appeal shall abide the final determination of the cause.

EVANS, C. J., and GREEN, J., concur.