[No. 1641-2.    Division Two.    March 23, 1976.]

*In the Matter of the Estate of*
EDNA CRANE.

*Richard J. Kelley,* for appellant.

*Martin L. Potter,* for respondent.

PEARSON, J.—The sole issue raised by this appeal is whether timely payment of the superior court clerk's filing fee is a jurisdictional requirement for commencement of a will contest. We hold that it is not and reverse the trial court's order dismissing the petition to revoke the will of Edna Crane.

Edna Crane died on February 18, 1972, and her will was admitted to probate. The decedent's niece, Jean Gray, on April 26, 1972, filed a petition to revoke the will pursuant to RCW 11.24.010. The county clerk accepted and filed the

petition under the probate cause number, even though Jean Gray's attorney (not counsel on appeal) failed to tender the filing fee provided in RCW 36.18.020(12).[1] Subsequently, litigation ensued in which we determined that Jean Gray has standing to contest the will and in which the filing fee was not an issue. *In re Estate of Crane*, 9 Wn. App. 853, 515 P.2d 552 (1973). Prior to trial on the merits, however, the executor moved for a dismissal of the action on the grounds the court lacked jurisdiction because the filing fee was never paid. The motion was granted and Jean Gray has again appealed, contending that the filing fee is not a prerequisite to jurisdiction. We agree and reverse the order of dismissal.

■ We have found no Washington cases directly on point to aid in interpreting RCW 36.18.020(12), which is part of the statutes establishing various fees payable to county officials for their authorized acts—including also the auditor, coroner, sheriff, and treasurer. The fees are to be paid into the county treasury. RCW 36.18.140; RCW 36.18.170. Moreover, the county officers are not to perform the service requested unless the appropriate fee is paid. RCW 36.18.060. The chapter also requires the posting of fee schedules, the giving of fee receipts, and the keeping of a fee book. In short, the chapter is intended to provide a uniform method for the collection and disbursement of fees by the various county officials. It does not, however, make mention of requisites to court jurisdiction in any kind of proceeding.

Jurisdiction over a will contest is governed by RCW 11.24.010, which provides in pertinent part as follows:

> If any person interested in any will shall appear within four months immediately following the probate or rejec-

---

[1] RCW 36.18.020 reads in part as follows:

"Clerks of superior courts shall collect the following fees for their official services:

". . .

"(12) For filing any petition to contest a will admitted to probate or a petition to admit a will which has been rejected, there shall be paid a fee of thirty-two dollars."

tion thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof.

. . .

If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final.

This statute requires simply the *filing* of the petition, which in the instant case was accomplished. While it is apparent under RCW 36.18.060 that the clerk's office should have collected the fee and that a new file should have been opened, we believe that the act of filing nevertheless vested jurisdiction over the will contest in the superior court as of the filing date.

Support for this conclusion comes from cases construing other statutes and court rules. For example, the forerunner of RCW 36.18.020—Laws of 1907, ch. 56, § 1—provided that superior court clerks "shall collect" a fee when a judgment is rendered. In spite of this mandatory phrase, retained in the current statute, the judgment's validity was held not to be dependent upon the clerk's collection of the fee. *Canzler v. Mammoliti*, 40 Wn.2d 631, 245 P.2d 215 (1952); *Chilcott v. Globe Navigation Co.*, 49 Wash. 302, 95 P. 264 (1908). In the appellate context, jurisdictional requirements have been held not established by CAROA 33(8), stating that the appellant "shall notify all other parties in the case" of his appeal (*Schmitt v. Matthews*, 12 Wn. App. 654, 531 P.2d 309 (1975)) or by CAROA 34(1), directing appellant to order and file the statement of facts. *Haasze v. McConnachie*, 1 Wn. App. 388, 461 P.2d 572 (1969).

On the other hand, jurisdictional prerequisites are specified in ROA I-33(1) and CAROA 33(1) to include filing of the notice of appeal *and payment of the filing fee*. Payment of the fee is jurisdictional because the appellate rules expressly so provide.[2] *Myers v. Harris*, 82 Wn.2d 152, 509 P.2d

---

[2]*E.g.*, ROA I-33(1) provides:

"In civil actions appealable directly to the supreme court, in order

656 (1973); *Schmitt v. Matthews, supra.*[3] But neither RCW 11.24.010 nor RCW 36.18.020, as distinguished from these appellate rules, contains any reference to the filing fee as jurisdictional to the filing of a will contest petition.

The executor relies on *State v. Nelson,* 6 Wn.2d 190, 107 P.2d 1113 (1940), involving an appeal in which the record on appeal was tendered to the Supreme Court Clerk on time but the filing fee was not. The statute (Rem. Rev. Stat. § 497, predecessor of RCW 2.32.070) provided for a docket fee upon first filing of a paper, and the clerk refused to file the record without payment. The court said at page 195 that payment of the fee was a "condition precedent" to filing because under the statute, "the clerk of this court cannot be required to perform any official act unless the required fee therefor is paid when he demands same." *Accord, State v. Conners,* 12 Wn.2d 128, 120 P.2d 1002 (1942).

Just as in the *Nelson* and *Conners* cases, the county clerk in the instant case had statutory authority to refuse to file Jean Gray's petition to revoke the will. *Nelson* and *Conners* are distinguishable from this situation, however, because here the clerk did in fact file the petition. The clerk's oversight in failing to collect his fee did not deprive the court of jurisdiction. RCW 11.24.010 makes the act of *filing* the prerequisite to jurisdiction, but neither it nor RCW

for the supreme court to obtain jurisdiction of the cause, a written notice of appeal, together with a copy of the same, must be filed with, and filing fees paid to, the clerk of the superior court within thirty days after entry of the order, judgment, or decree . . ."

[3]Cases also hold that a filing fee can be waived in the interests of justice. *Carter v. University of Washington,* 85 Wn.2d 391, 536 P.2d 618 (1975) (appellate court docket fee and cost bond); *Ashley v. Superior Court,* 82 Wn.2d 188, 509 P.2d 751 (1973) (superior court filing fee); *O'Connor v. Matzdorff,* 76 Wn.2d 589, 458 P.2d 154 (1969) (statutory justice court filing fee). Waiver is possible even for acknowledged jurisdictional requirements. *Moore v. Burdman,* 84 Wn.2d 408, 526 P.2d 893 (1974); *Myers v. Harris,* 82 Wn.2d 152, 509 P.2d 656 (1973), (appellate court filing fee); *State ex rel. Bird v. Superior Court,* 30 Wn.2d 110, 190 P.2d 762 (1948) (notice of appeal).

36.18.020 (12) expressly refers to payment of the fee as a jurisdictional requirement.

Reversed and remanded for trial on the merits.

PETRIE, C.J., and REED, J., concur.