2015 JUN -8 AM 9: 50



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Estate of VERNON D. HANNAH, Deceased. | ) ) ) | No. 72307-3-I |
| | ) | DIVISION ONE |
| T. BERNELL HANNAH, surviving spouse, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| CHRISTINE CHAN, Personal Representative of the Estate of VERNON D. HANNAH, | ) ) ) ) | |
| Respondent. | ) ) | FILED: June 8, 2015 |

SCHINDLER, J. — Vernon D. Hannah and T. Bernell Hannah were married for nearly 30 years. Vernon died on November 5, 2012.[1] The court admitted his will to probate and appointed a personal representative. Bernell appeals dismissal of her petition for an award in lieu of homestead. Because the undisputed record establishes that Bernell timely filed the petition for an award in lieu of homestead and served the personal representative of the estate but, at the direction of the San Juan County Clerk, filed the petition under the probate cause of action, and there is no showing of prejudice, we reverse.

---

[1] We refer to Vernon D. Hannah and T. Bernell Hannah by their first names for clarity.

## FACTS

The material facts are not in dispute. Vernon and Bernell Hannah married in 1983.

In 2002, Vernon executed a "Trust Agreement" creating the "Vernon D. Hannah Trust." The Trust Agreement appoints Vernon as "sole Trustee" but states that if he "is at any time unable or unwilling to act, then Trustor appoints CHRISTINE M. CHAN as sole Trustee hereunder." The Trust Agreement provided that upon Vernon's death, the Trustee "shall distribute all trust income" to Bernell "at least annually" and distribute to her "so much of the principal of the Trust, if any, as Trustee shall deem reasonably required for her maintenance and support, in health and reasonable comfort, but first taking into account all other income and assets available to her." The Trust Agreement also designated a parcel of real property to be "distributed to the San Juan Preservation Trust." The Trust Agreement stated the "remainder of the Trust Corpus . . . shall continue to be held in trust for the remainder of the lifetime of Trustor's spouse, T. BERNELL HANNAH."

In 2005, Vernon amended the Trust Agreement and executed his "Last Will and Testament." The amended Trust Agreement provides that "[d]uring her lifetime, the Trustor's spouse, T. Bernell Hannah, shall be entitled to continue to reside at the residence owned by the Trust . . . without payment of rent, for as long as she wishes to do so." The will appoints Christine Chan as the personal representative of the estate and designates Chan and her spouse as the remainder beneficiaries.[2]

---

[2] Vernon appointed his "good friend, PETER CHAN, as my alternate Personal Representative" in the event Christine Chan is "unable or unwilling to act."

2

Vernon died on November 5, 2012. The personal representative commenced a probate action and filed the Last Will and Testament; San Juan County Superior Court Cause Number 12-4-05075-7. The court authorized Chan to "administer the estate without the further intervention of the Court."

On March 14, 2014, Bernell's attorney notified the personal representative of the estate of the intent "to seek an Award in Lieu of Homestead and an Increase of the same." The e-mail states, in pertinent part:

> While [Bernell] is more than willing to resolve this matter informally, we are preparing a Petition for an Order of Award in Lieu of Homestead and Petition for an Order Increasing the Award in Lieu of Homestead and Declaration in Support that we will be filing with the Court shortly; they must be filed by May 5, 2014 to preserve our client's rights in that regard.

In response, the attorney for the personal representative stated that Chan was "preparing a settlement proposal" and asked the attorney to "postpone preparation of your Petition until you and your client have had an opportunity to review and discuss our proposal."

On April 11, Bernell filed a "Petition for an Order Increasing the Award in Lieu of Homestead and Declaration in Support (Pursuant to RCW 11.54.040(4)(a))" in the probate proceeding; San Juan County Superior Court Cause Number 12-4-05075-7.

On April 30, Chan's attorney sent a letter informing Bernell's attorney that "[t]he petition can be brought before the court as part of a regular civil action or a proceeding under the [Trust and Estate Dispute Resolution Act (TEDRA)] statute – 11.96A.010 et seq., but not under the existing probate case." The letter also states that Chan's attorney is "not authorized to accept service on Christine Chan as personal representative or as trustee."

3

On May 5, Bernell's attorney called the San Juan County Superior Court Clerk to ask "whether a new filing would be required" to comply with TEDRA. The Court Clerk told the attorney that "no fee would be required" and that the petition should be filed under the existing probate cause number. On May 5, the attorney filed a "Petition for Award in Lieu of Homestead and Declaration in Support – TEDRA" and a "Petition for an Order Increasing the Award in Lieu of Homestead and Declaration in Support – TEDRA" under RCW 11.54.010 and RCW 11.96A.010. The Clerk filed the petitions under the existing probate cause number. Bernell personally served Chan with a summons and the TEDRA petitions that same day, May 5.

The petition states Vernon died on November 5, 2012 and the petition was filed within 18 months of the date of decedent's death. In her declaration, Bernell states that "since my husband's death on November 5, 2012 and through March 2014, I have received a total of just $13,500.00 in direct distributions." Bernell states she wants to "remain in my home" and be able to pay the cost of "in-home care" and requests an order increasing the award in lieu of homestead.

On May 6, Chan's attorney called the San Juan County Superior Court Clerk and "suggested the petitions had to be filed in a new file." On May 7, the Clerk learned TEDRA had been amended in 2013 and called Bernell's attorney "to advise that a separate ca[u]se number would be assigned and that a filing fee would be needed." Bernell's attorney delivered the filing fee "immediately" that day. The Clerk's Office crossed out the May 5 filing stamp, crossed out the probate cause number, added a May 7 filing stamp, and added new cause number 14-4-05030-3.

On May 21, Chan filed a motion to dismiss the petitions. Chan argued the petitions were barred by the 18-month statute of limitations under RCW 11.54.010 because Bernell did not file the petitions as a new action under TEDRA until May 7.

The court dismissed the petitions with prejudice. The court found that when Bernell filed the petitions under the probate cause number on May 5, she was "acting at the direction of the Court Clerk." The court found that two days later on May 7, "the Court Clerk contacted Petitioner to explain that she had been misadvised, and requested payment of a new filing fee." The court concluded the petitions had to be filed "as a new action" under TEDRA on May 5 "within eighteen months of the date of decedent's death."

## ANALYSIS

Bernell contends that under RCW 4.16.170 and CR 3, the service of process on May 5, 2014 tolled the statutory requirement to file a petition within 18 months of Vernon's death. We disagree.

We review questions of statutory construction de novo. In re Estate of Haviland, 177 Wn.2d 68, 75, 301 P.3d 31 (2013); In re Estate of Stover, 178 Wn. App. 550, 556, 315 P.3d 579 (2013). When interpreting a statutory provision, our primary objective is to ascertain the intent of the legislature. Haviland, 177 Wn.2d at 75-76; Stover, 178 Wn. App. at 556. We must give effect to the plain language of a statute as an expression of legislative intent if it is subject to only one reasonable interpretation. Haviland, 177 Wn.2d at 75-76; Stover, 178 Wn. App. at 556. We discern the plain meaning of a statutory provision based on the meaning of the language, the context of the statute in

which that provision is found, related provisions, and the statutory scheme as a whole. Stover, 178 Wn. App. at 556.

Under RCW 11.54.010(1), a surviving spouse "may petition the court for an award from the property of the decedent."[3] A petition for an award in lieu of homestead must be filed within 18 months of the decedent's death. RCW 11.54.010(3)(a). RCW 11.54.010(3) states, in pertinent part:

> The court may not make this award unless the petition for the award is filed before the earliest of:
> (a) Eighteen months from the date of the decedent's death if within twelve months of the decedent's death either:
> (i) A personal representative has been appointed; or
> (ii) A notice agent has filed a declaration and oath as required in RCW 11.42.010(3)(a)(ii).

In 2013, the legislature amended RCW 11.96A.090 to require that under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, a proceeding "must be commenced as a new action." LAWS OF 2013, ch. 246, § 2; RCW 11.96A.090(2). "Unless rules of court require" otherwise, a TEDRA action "is to be commenced by filing a petition with the court." RCW 11.96A.100(1).

In general, a civil action may be "commenced" either by filing or by service of process, "whichever occurs first." RCW 4.16.170; CR 3. But a judicial proceeding involving a trust or an estate under Title 11 RCW is a "special proceeding" that "control[s] over any inconsistent provision of the civil rules." RCW 11.96A.090(1). Therefore, the statutory requirement that a TEDRA action must be commenced "by filing" controls. RCW 11.96A.100(1); see also RCW 11.96A.090(4) ("The procedural

---

[3] The "basic award" is $125,000. RCW 11.54.020; RCW 6.13.030(2). The basic award of $125,000 "may be increased" if the court finds that the surviving spouse's "present and reasonably anticipated future needs . . . with respect to basic maintenance and support will not otherwise be provided for from other resources, and that the award would not be inconsistent with the decedent's intentions." RCW 11.54.020, .040(1).

rules of court apply to judicial proceedings under this title only to the extent that they are consistent with this title."). Bernell's reliance on In re Estate of Kordon, 157 Wn.2d 206, 137 P.3d 16 (2006), is misplaced. The language of the will contests statute the Supreme Court addressed in Kordon is inapposite. See Kordon, 157 Wn.2d at 213 (interpreting former RCW 11.24.010 (1994)).

Under the plain language of TEDRA and RCW 11.54.010(3), Bernell was required to "commence[ ] . . . a new action" by "filing a petition with the court" within 18 months of Vernon's death. RCW 11.96A.090(2), .100(1). The court did not err in concluding that timely service of process on the personal representative did not toll the statutory filing requirement.

Because Bernell did not pay a filing fee and commence a new action under TEDRA until May 7, Chan contends the court did not err in dismissing the petitions. As a general rule, an action "is not filed . . . until the filing fee is paid." Margetan v. Superior Chair Craft Co., 92 Wn. App. 240, 246-47, 963 P.2d 907 (1998). But that rule does not apply when the Court Clerk "[m]istakenly" accepts and files a petition without the required fee. Margetan, 92 Wn. App. at 246-47.

Here, as in In re Estate of Crane, 15 Wn. App. 161, 548 P.2d 585 (1976), the "county clerk accepted and filed the petition under the probate cause number" without requiring payment of a new filing fee. Crane, 15 Wn. App. at 161-62. We held the "clerk's oversight in failing to collect [the] fee did not deprive the court of jurisdiction" because the statutes did not "expressly refer[ ] to payment of the fee as a jurisdictional requirement." Crane 15 Wn. App. at 164-65.

Likewise, in McWhorter v. Bush, 7 Wn. App. 831, 832, 502 P.2d 1224 (1972), plaintiffs filed creditor's claims "in the existing probate" action but "should have filed separate civil actions and paid the required filing fees." We held that "any error resulting from this failure to file separate actions was harmless" because the defendant was not prejudiced. McWhorter, 7 Wn. App. at 833. We concluded that because the plaintiffs filed their claims in the probate action within the limitations period, the defendant "received proper notice thereof" and his "substantial rights, therefore, have been completely protected." McWhorter, 7 Wn. App. at 832-33.

Here, the undisputed record establishes that the Clerk mistakenly accepted and filed the petition for an award in lieu of homestead and the petition for an order increasing the award under the probate cause number. On May 5, 2014, Bernell's attorney called the Clerk's Office and asked "whether a new filing would be required since it would be filed as a TEDRA." The Clerk "checked in the RCWs" and called the attorney back to "advise that no fee would be required and that the petitions would be filed in the same ca[u]se number as the probate." Bernell's attorney filed the petitions later that day under the existing probate cause number. On May 7, the Clerk realized that "TEDRAs had to be a new file, with a filing fee," and "immediately" called Bernell's attorney "to advise that a separate ca[u]se number would be assigned and that a filing fee would be needed." The Clerk told the attorney that "it was my error and that I would place a notation in the file so as to avoid any issue whether the petitions had been timely filed, and I did so."

Below and on appeal, Chan does not assert any prejudice from Bernell's failure to file the petitions under a new cause number on May 5, nor can she. The undisputed

8

record does not support prejudice. There is no dispute that Bernell served Chan with the summons and petitions on May 5. The unchallenged findings state the petitions Chan received on May 5 "specifically referenced the Trust & Estate Dispute Resolution Act ('TEDRA')." The court concluded there was no prejudice but ruled that it did not have authority to "consider notions of injustice, inconvenience, hardship or equity." We disagree. The purpose of an award in lieu of homestead is to protect and provide for the decedent's surviving spouse "as a measure of fairness." In re Estate of Garwood, 109 Wn. App. 811, 813-14, 38 P.3d 362 (2002). "The law favors awards in lieu of homestead as a matter of right" if the statutory requirements governing the award are met. Garwood, 109 Wn. App. at 814.

Under RCW 11.96A.080(2), TEDRA "shall not supersede, but shall supplement, any otherwise applicable provisions and procedures." If "in any case or under any circumstance" a TEDRA provision is "inapplicable, insufficient, or doubtful," the court has "full power and authority to proceed with such administration and settlement in any manner and way that to the court seems right and proper." RCW 11.96A.020(2).

We reverse the order dismissing the petitions with prejudice and remand.[4]

WE CONCUR:

---

[4] We deny Bernell's request for an award of attorney fees on appeal under RCW 11.96A.150.

9