[No. 40657-4-I.   Division One.   August 31, 1998.]

GEORGE MARGETAN, JR., ET AL., *Appellants*, v. SUPERIOR CHAIR CRAFT COMPANY, *Respondent*.

<hr />

*Robert C. Van Siclen* and *Tyler Firkins*, for appellants.
*William J. Leedom* and *Carol S. Janes*, for respondent.

242

BECKER, J. — In order to decide whether the plaintiff commenced his action in time to toll the statute of limitations, we must determine when he "filed" his complaint. Was it when he delivered his complaint to the clerk's office? Or was it when he paid the filing fee? We conclude a complaint is not filed until the filing fee is paid. Because appellant Margetan paid no filing fee until after the statute of limitations had run, the trial court correctly dismissed his action as time barred.

George Margetan desired to sue Superior Chair Craft Company for a personal injury incurred on December 3, 1993. Margetan's attorneys prepared a summons and complaint to initiate the action. On Wednesday, November 27, 1996, Margetan hired a special messenger to deliver the summons and complaint to the King County Superior Court Clerk's Office. The messenger took the documents and placed them in a document filing receptacle at the clerk's office. Because no check was attached to the documents, the messenger placed them in the "Rapid Filing Box." This box, which is used for quick, self-service filing, is labeled:

Rapid Filing Box
Rapid Filing – File Documents Here
*Case Number and Caption Required
*No working Papers, Judges Copies or Courtesy Copies
*No Documents requiring a filing fee
Courtesy stapler and date stamp available on the counter ahead of you.

The messenger did not notice that the documents did not

have a case number. On December 3, 1996, Margetan's attorneys received a filing form back from the messenger service with a date stamp showing the documents as filed November 27, 1996. Counsel did not notice that the documents did not have a case number assigned.

On December 6, 1996, Margetan received a notice from the clerk that the documents were not accepted because Margetan had failed to pay the filing fee. That same day Margetan paid the filing fee, and the clerk assigned the case a number and schedule. Margetan served Superior Chair on December 9, 1996.

Later, Margetan moved to amend the case schedule to reflect the original November 27, 1996 filing date. The trial court denied the motion. Superior Chair then moved for summary judgment on the ground that Margetan's action was barred by the statute of limitations. The court granted the motion and dismissed the action. From this order, Margetan appeals.

It is undisputed that the statute of limitations ran on December 3, 1996, and that Margetan did not file his summons and complaint *with the filing fee* until December 6, 1996. Thus, his action was barred by the statute of limitations unless the statute of limitations was tolled when he first filed his summons and complaint *without the filing fee* on November 27, 1996.

■■ Margetan correctly contends that while a party must meet the requirements of CR 3(a) to commence an action, to toll the statute of limitations a party only need comply with the requirements of RCW 4.16.170. CR 3(a) specifically states an "action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170." Several cases have so held.[1]

RCW 4.16.170 provides:

For the purpose of tolling any statute of limitations an ac-

---

[1]*Jones v. Stebbins*, 122 Wn.2d 471, 478, 860 P.2d 1009 (1993); *Nearing v. Golden State Food Corp.*, 114 Wn.2d 817, 822, 792 P.2d 500 (1990).

tion shall be deemed commenced *when the complaint is filed* or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

(Emphasis added.) RCW 4.16.170 does not extend the statute of limitations. Instead, it provides that either the filing of the complaint or service of the summons will toll the statute of limitations so long as the other act is completed within 90 days.[2]

But RCW 4.16.170 does not resolve the issue of when a complaint has been "filed" for purposes of tolling the statute of limitations.[3] Because Margetan did not serve a summons within the statute of limitations, he can avoid dismissal only if he can show that delivery of the complaint to the "Rapid Filing Box" was a filing. To resolve this issue, we turn to chapter 36.18 RCW (Fees of County Officers). RCW 36.18.005, the definitional section of the chapter, provides, " 'File,' 'filed,' or 'filing' means the act of deliver-

---

[2]*Schmitz v. State*, 68 Wn. App. 486, 489, 843 P.2d 1109 (1993); *Sidis v. Brodie/ Dorhmann, Inc.*, 58 Wn. App. 665, 669, 794 P.2d 1309 (1990).

[3]Both Margetan and Superior Chair have cited federal cases in support of their respective positions. Caution must be used in relying on these cases because their analysis depends on the statutory language at issue and in some instances local rules. There is a clear split of authority in the federal cases. *Compare, e.g., Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550 (11th Cir. 1986) (a complaint is filed for statute of limitations purposes when it is in the actual or constructive possession of the clerk) with *Wannamaker v. Columbian Rope Co.*, 713 F. Supp. 533 (N.D.N.Y. 1989), *affirmed*, 108 F.3d 462 (2d Cir. 1997) (an action is not filed for purposes of commencing an action and tolling the statute of limitations until the filing fee is paid).

ing an instrument to the auditor or recording officer for recording into the official public records."[4]

RCW 36.18.020(2) sets forth the fees to be collected:

> Clerks of superior courts shall collect the following fees for their official services:
>
> (a) The party filing the first or initial paper in any civil action . . . shall pay, at the time the paper is filed, a fee of one hundred ten dollars . . . .

And RCW 36.18.060 *requires* the clerk to collect a filing fee before acting:

> The officers mentioned in this chapter except the county sheriff shall not, in any case, except for the state or county, perform any official services unless the fees prescribed therefor are paid in advance, and on such payment the officer must perform the services required . . . .

Margetan contends that when he delivered the complaint to the filing bin, he filed it for purposes of tolling the statute of limitations. More specifically, he contends that because RCW 4.16.170 requires only that a complaint be "filed" and does not refer to the filing fee requirements of RCW 36.18.020, it is the act of delivery to the clerk's office that constitutes filing to toll the statute of limitations. He also contends that neither his failure to pay the filing fee, which was unintentional, nor the clerk's refusal to accept the complaint without the fee, should defeat a timely filing.

██ ██ In interpreting statutes, the court's fundamental objective is to ascertain and carry out the intent of the Legislature.[5] Legislative enactments that relate to the same subject and are not actually in conflict should be interpreted to give meaning and effect to both.[6]

██ The policy behind statutes of limitation is to protect

---

[4]RCW 36.18.005(2).

[5]*State v. Alvarez*, 128 Wn.2d 1, 11, 904 P.2d 754 (1995).

[6]*Martin v. Triol*, 121 Wn.2d 135, 148, 847 P.2d 471 (1993).

defendants and the courts from litigation of stale claims.[7] RCW 4.16.170 sets forth the actions required to commence a lawsuit for purposes of tolling the applicable statute of limitations. RCW 36.18.020, which sets forth the fees required to commence a lawsuit, is part of the statutes establishing a uniform method for the collection and disbursement of fees payable to county officials for their authorized acts.[8] RCW 4.16.170 and RCW 36.18.020 and 36.18.060 are not in conflict and they both relate to procedures involved in commencing an action in the superior court. Accordingly, they must be read together.

Under RCW 36.18.005, 36.18.020 and 36.18.060, a document is not filed for recording into the official public record until the filing fee is paid. The clerk of the court has no discretion in this regard. The clerk may not file a document without the filing fee or refuse to file a document accompanied by the proper filing fee. If the clerk could accept filing of an action without payment of a required filing fee, the clerk would have a degree of discretion contrary to the Legislature's intent as expressed in RCW 36.18.060. Therefore, we conclude that mere delivery of a complaint does not constitute filing for purposes of RCW 4.16.170.

*In re Estate of Crane*, on which Margetan relies, does not require a different result. In *Crane*, the court considered whether timely payment of the superior court clerk's filing fee was a jurisdictional requirement for commencement of a will contest. After the decedent's will was admitted to probate, the plaintiff filed a petition to revoke the will. Mistakenly, the county clerk accepted and filed the petition even though the plaintiff had failed to pay the filing fee required by RCW 36.18.020(12). Later, litigation ensued resulting in an interlocutory appellate decision.[9] Prior to trial on the merits, the executor moved to dismiss for lack

---

[7]*Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 813, 818 P.2d 1362 (1991).

[8]*In re Estate of Crane*, 15 Wn. App. 161, 162, 548 P.2d 585 (1976).

[9]*In re Estate of Crane*, 9 Wn. App. 853, 515 P.2d 552 (1973).

of jurisdiction because the plaintiff never paid the filing fee. On appeal, the court acknowledged the requirement in RCW 36.18.060 that the clerk not perform the service requested unless the appropriate fee is paid. The court reasoned, however, that RCW 36.18.060 made no mention of any requisites to court jurisdiction, and RCW 11.24.010, which governs a will contest, required only the *filing* of the petition. The court stated:

> While it is apparent under RCW 36.18.060 that the clerk's office should have collected the fee and that a new file should have been opened, we believe that the act of filing nevertheless vested jurisdiction over the will contest in the superior court as of the filing date.[10]

The court noted that unlike the appellate rules, which specifically listed jurisdictional prerequisites of filing a notice of appeal and paying the filing fee, neither RCW 11.24.010 nor RCW 36.18.020 contained any reference to the filing fee as jurisdictional to the filing of a will contest petition.[11]

Significantly, the court in *In re Estate of Crane* distinguished *State v. Nelson*[12] and *State v. Conners*[13] as cases in which the clerks had properly refused to file documents not accompanied by required filing fees:

> Just as in the *Nelson* and *Conners* cases, the county clerk in the instant case had statutory authority to refuse to file [the plaintiff's] petition to revoke the will. *Nelson* and *Conners* are distinguishable from this situation, however, because here the clerk did in fact file the petition. The clerk's oversight in failing to collect his fee did not deprive the court of jurisdiction.[14]

Unlike *Crane*, in this case we are not faced with a case in

---

[10]*In re Estate of Crane*, 15 Wn. App. at 163.

[11]*Id.* at 164.

[12]*State v. Nelson*, 6 Wn.2d 190, 107 P.2d 1113 (1940).

[13]*State v. Conners*, 12 Wn.2d 128, 120 P.2d 1002 (1942).

[14]*In re Estate of Crane*, 15 Wn. App. at 164.

which the clerk of the court mistakenly filed a complaint without the required filing fee and the case proceeded in spite of the clerk's error. Nor are we faced with a case in which the court waived a filing fee because the clerk of the court mishandled the complaint or the interests of justice required waiver of the filing fee.[15] In this case, the clerk refused to file the complaint because it was unaccompanied by the filing fee. The clerk made no mistake and there is no basis to deem the fee waived.

Finally, we reject Margetan's contention that the clerk constructively accepted his complaint when the messenger left it in the rapid filing box.[16] The box clearly indicates that documents requiring a filing fee are not to be filed there. Since Margetan's summons and complaint had no cause number, it is understandable that the documents were not returned to his attorney for several days. If Margetan had tried to file his complaint at the cashier window without paying the required filing fee, as required by statute the clerk would have refused to file it. Margetan may not avoid this result by leaving his complaint without the filing fee, intentionally or inadvertently, in the Rapid Filing Box. The fact that the King County Superior Court clerk's office has made available a system for quick filing of documents in ongoing cases does not alter the analysis for determining when a complaint is filed.

We hold that under RCW 4.16.170 and RCW 36.18.005(2), 36.18.020(2) and 36.18.060, a complaint is "filed" for purposes of commencing an action in time to toll the statute of limitations when the required filing fee is paid. Because Margetan did not file his summons and complaint with the filing fee until after the statute of limitations had

---

[15]*See Stevens v. City of Centralia*, 86 Wn. App. 145, 152, 936 P.2d 1141 (1997) (to avoid an inequitable result, clerk's refusal to accept an otherwise proper claim deemed to operate as a waiver of any lack of formality in plaintiff's tendering of the claim); *In re Estate of Crane*, 15 Wn. App. at 164 n.4 (citing cases in which the court has waived filing fees); *Graham Thrift Group, Inc. v. Pierce County*, 75 Wn. App. 263, 269, 877 P.2d 228 (1994) (even assuming the agency mishandled the appeal, timely payment of the appeal fee was not automatically waived).

[16]*Cf. Stevens v. City of Centralia*, 86 Wn. App. at 152.

run, his action was time barred, and the court did not err in dismissing it.

Affirmed.

KENNEDY, C.J., and BAKER, J., concur.