[No. 21329-3-III. Division Three. October 14, 2004.]

DAVID HOLT, *Respondent*, v. CHARLES GAMBILL, ET AL., *Appellants*.

*Steven Schneider* (of *Murphy, Bantz & Bury, P.S.*), for appellants.

*Robert Drummond*, for respondent.

SCHULTHEIS, J. — Under the Mandatory Arbitration Rules (MAR), a party to a mandatory arbitration may file a request for trial de novo with the superior court clerk within 20 days after the arbitration award is filed. MAR 7.1(a). This 20-day period may not be extended. MAR 7.1(a). RCW 36.18.016(24) provides that a fee "established by authority of local ordinance must be charged" for filing a request for trial de novo of an arbitration award. Spokane County has not established a fee for filing a MAR 7.1 request for trial de novo.

David Holt[1] and Charles Gambill[2] entered into arbitration. Mr. Holt filed a request for trial de novo with the Spokane County Superior Court clerk's office 19 days after the arbitration award was filed. But he paid a filing fee three weeks later. Mr. Gambill moved to deny the request for a trial de novo, arguing that the request was not filed within the 20-day period of MAR 7.1(a) because the fee had not been paid. The trial court denied Mr. Gambill's motion and he now appeals, contending Mr. Holt waived his right to a trial de novo because he did not timely pay the filing fee. Because we find that a filing fee was not required under these circumstances, we affirm.

---

[1] David Holt was doing business as Holt Roofing.

[2] Charles and Diane Gambill, doing business as Management Company, are joined with Global Fitness on appeal.

Mr. Holt and Mr. Gambill entered into mandatory arbitration of claims arising from an alleged breach of a roofing contract.[3] The arbitration award was filed on May 2, 2002. Mr. Holt filed a request for trial de novo in the clerk's office on May 21 and mailed the request to Mr. Gambill the same day. The record does not reveal why Mr. Holt decided he should pay a filing fee, but indicates that he paid $110 to the clerk's office on June 12, 41 days after the arbitration award was filed.

On June 25, Mr. Gambill filed a motion for an order denying the request for trial de novo and requested attorney fees and costs. At a hearing on the motion, the parties admitted that neither of them could find an ordinance establishing the fee for a trial de novo of an arbitration award. The trial court asked the parties to determine whether there was an ordinance authorizing the clerk to establish the fee.

Mr. Holt's attorney contacted Thomas Fallquist, the Spokane County Clerk. In a letter written in August 2002, Mr. Fallquist responded that although in 1999 the legislature authorized a filing fee for requests for trial de novo of arbitration awards, the board of county commissioners had not yet held a public hearing on the issue or approved a filing fee. Because the fee Mr. Holt paid had not been approved, Mr. Fallquist refunded it. In a subsequent hearing, the trial court stated that out of about 100 filings for trials de novo, only 7 had paid a filing fee. All seven were being refunded by the clerk's office. Finding that the filing of the request for trial de novo of the arbitration award did not require a filing fee and met the 20-day time limit of MAR 7.1(a), the trial court denied Mr. Gambill's motion to deny the request.

---

[3] No record of the claims is contained in the record. This background information is derived solely from Mr. Gambill's brief.

FILING FEE FOR TRIAL DE NOVO OF ARBITRATION AWARD

The issue on appeal is whether payment of a filing fee is necessary to perfect the filing of a request for trial de novo of an arbitration award if the county has not enacted an ordinance establishing the amount of that fee. Mr. Gambill contends strict compliance with relevant court rules and statutes requires the superior court clerk to charge a filing fee by implied authority.

█ RCW 7.06.030 authorizes the Supreme Court to adopt the MAR to implement mandatory arbitration procedures. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). These rules are interpreted in the same way as statutes and are construed to accord with the legislative purpose, which is to reduce congestion and delay in courts hearing civil cases. *Id.*; *Carpenter v. Elway*, 97 Wn. App. 977, 983, 988 P.2d 1009 (1999). Interpretation of a court rule—as well as a statute—is a matter of law requiring de novo review. *Nevers*, 133 Wn.2d at 809.

█ Pursuant to MAR 7.1(a), a party to an arbitration award may request a trial de novo by serving and filing with the superior court clerk a written request within 20 days after the arbitration award has been filed. This 20-day period "may not be extended." MAR 7.1(a). Failure to strictly comply with the filing requirements of MAR 7.1(a) will prevent the superior court from conducting the trial de novo. *Nevers*, 133 Wn.2d at 811-12. Filing procedures are not outlined in the MAR; however, the Washington statute on fees of county officers provides that "[f]or filing a request for trial de novo of an arbitration award, a fee not to exceed two hundred fifty dollars as established by authority of local ordinance must be charged." RCW 36.18.016(24). Additionally, RCW 36.18.060 provides in part that county officers "shall not" perform official services "unless the fees prescribed therefor are paid in advance."

█ Mr. Gambill contends the failure to pay a filing fee with the request for trial de novo prevented an effective "filing" under MAR 7.1(a). The fallacy in his argument is

that in Spokane County no fee had been "established by authority of local ordinance" (RCW 36.18.016(24)) or "prescribed" (RCW 36.18.060) for filing a request for trial de novo of an arbitration award. The plain language of RCW 36.18.016(24) requires the fee to be established by ordinance. Without an ordinance, the fee has not been prescribed. If a filing fee had been established by county ordinance, Mr. Holt's failure to pay the fee before the 20-day deadline of MAR 7.1(a) would have been untimely. In such an event, late payment of the filing fee would have in effect violated MAR 7.1(a) by extending the 20-day period. *See Nevers*, 133 Wn.2d at 812. But *no* fee was prescribed or established here, so Mr. Holt did not violate MAR 7.1(a) with untimely payment.

Mr. Gambill cites two cases from King County in support. In *Margetan v. Superior Chair Craft Co.*, 92 Wn. App. 240, 963 P.2d 907 (1998), a plaintiff filed a complaint in King County within the time period of the statute of limitations, but did not pay the filing fee until the statute of limitations had run. The Court of Appeals concluded that under chapter 36.18 RCW, "a document is not filed for recording into the official public record until the filing fee is paid." *Id.* at 246. Further, "[t]he clerk may not file a document without the filing fee or refuse to file a document accompanied by the proper filing fee." *Id.* In *Simmerly v. McKee*, 120 Wn. App. 217, 84 P.3d 919, *petition for review filed* (Wash. May 10, 2004) (No. 75451-9), a husband and wife were sued for unpaid attorney fees. Only the husband attended mandatory arbitration and the arbitrator filed proof of service of the award only on the husband. When the husband later pursued a trial de novo, his attorney failed to pay the full filing fee within the 20-day time limit. Consequently, the King County Superior Court did not set a trial de novo. However, the arbitrator subsequently filed proof of service on the wife, and she properly filed a request for trial de novo with the filing fee. *Simmerly* held that the 20-day period begins to run from the date the arbitrator files the award and proof of service on that particular party. *Id.* at 223. Mr.

Gambill contends these two cases show that without the payment of the filing fee, a document such as a request for trial de novo of an arbitration award cannot be filed in superior court. But it is apparent in each case that King County had an established filing fee. Without an established fee, a filing is perfected when it is recorded by the superior court clerk.

Mr. Gambill's assertion that the superior court clerk had implied authority to establish a fee sua sponte is also without merit. RCW 36.18.016(24) states that the fee must be established by authority of local ordinance, and the parties found no ordinance either setting out the fee for trial de novo of an arbitration award or authorizing the clerk to set such a fee. *State ex rel. Taylor v. Superior Court*, 2 Wn.2d 575, 580, 98 P.2d 985 (1940), cited by Mr. Gambill, merely reiterates that county clerks have only those powers expressly delegated to them by specific statutory language or by necessary implication from statutory language. In *Taylor*, the Supreme Court held that a board of county commissioners had the power to hire a county purchasing agent because the statutes did not designate which officer would be responsible for office supply purchases and the commissioners obviously needed to purchase supplies. *Id.* at 585-86. The logical inference was that the commissioners had the power to accomplish this task by creating the position of county purchasing agent. *Id.* at 586. In the present case, however, RCW 36.18.016(24) designates the procedure for establishing the filing fee—by ordinance—which by implication denies the superior court clerk the power to establish the fee himself or herself.

The purpose of the county fees statute, chapter 36.18 RCW, is "to provide a uniform method for the collection and disbursement of fees by the various county officials." *In re Estate of Crane*, 15 Wn. App. 161, 162, 548 P.2d 585 (1976). Many of those fees are set by statute, including a $110 fee for initial filing of a civil action ("including, but not limited to an action for restitution, adoption, or change of name," RCW 36.18.020(2)(a)), and a $110 fee for filing a petition for

judicial review (RCW 36.18.020(2)(c)). The fee for filing a request for trial de novo of an arbitration award is not set in chapter 36.18 RCW. Rather, the statute specifically provides that a fee no higher than $250 must be "established by authority of local ordinance." RCW 36.18.016(24). No fee had been established when Mr. Holt filed his request for trial de novo; consequently his filing was perfected within the 20-day limit of MAR 7.1(a) when the superior court clerk recorded it without a fee payment.

### ATTORNEY FEES

■ ■ In compliance with RAP 18.1(b), Mr. Gambill devotes a section of his brief to a request for reasonable attorney fees and costs pursuant to MAR 7.3. This rule provides that costs and reasonable attorney fees must be assessed against the party who appeals the arbitration award and fails to improve its position in the trial de novo. MAR 7.3. Fees under MAR 7.3 are not appropriate here because the trial de novo has not yet occurred. In any event, Mr. Holt prevails on appeal. On that basis, Mr. Holt is entitled to an award of costs pursuant to RAP 14.1(d) and RAP 14.2, provided he files a cost bill pursuant to RAP 14.4.

Affirmed.

KATO, C.J., and KURTZ, J., concur.