IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PORT LAHAINA, LLC,<br><br>　　　　　　Respondent,<br><br>　　　v.<br><br>MYLES REO,<br><br>　　　　　　Appellant. | No. 83908-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, J. — Myles Reo appeals from an order authorizing presentation of judgment for entry after an unfavorable arbitration award. Because Reo failed to comply with the local court rules in requesting a trial de novo within the required time frame, we affirm.

FACTS

Myles Reo and Port Lahaina, LLC (Port Lahaina), were involved in a lease dispute and engaged in arbitration in August 2021. The arbitrator entered an award[1] in favor of Port Lahaina and Reo sought to appeal that award in superior court by filing a notice of appeal and request for a trial de novo pursuant to RCW 7.06.050(1) on September 20, 2021. In response, Port Lahaina alleged Reo failed to properly file his request because he did not pay the $400 filing fee. On October 22, 2021, rather than immediately moving to enter judgment on the arbitration award, Port Lahaina instead sought an order directing Reo to cure the defect by paying the required filing fee. The court granted the motion and

---

[1] An amended arbitration award was entered on August 31, 2021.

ordered Reo to pay the filing fee by November 14, 2021. Reo did not pay the filing fee and instead made several unsuccessful attempts to request a fee waiver under GR 34. Eventually, Port Lahaina moved for an order authorizing presentation of judgment on the arbitration award. The court granted the motion, and the order was entered on January 24, 2022.[2] Reo timely appealed.

ANALYSIS

I. Request for Trial De Novo

Reo argues he properly filed his request for a trial de novo because he met the standards of RCW 7.06.050(1). An "aggrieved party" may appeal a decision arising from an arbitration by "fil[ing] with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact." RCW 7.06.050(1). This language is mirrored in Superior Court Civil Arbitration Rule (SCCAR) 7.1(a), which permits an "aggrieved party" to "request a trial de novo in the superior court" by filing the request within 20 days. In Margetan v. Superior Chair Craft Co., this court analyzed the definition of "file" or "filing." 92 Wn. App. 240, 242, 963 P.2d 907 (1998). This court relied on portions of ch. 36.18 RCW, which governs fees assessed by various county officers including superior court clerks. We noted that the definitional section of the chapter defines "file" as "'the act of delivering an instrument to the auditor or recording officer for recording into the official public records.'" Id. (quoting RCW 36.18.005(2)). RCW 36.18.060 in turn "requires the clerk to collect a filing fee

---

[2] The final judgment against Reo was ultimately entered on January 31, 2022, expressly noting that it was nunc pro tunc to January 24, 2022.

before acting," and "[t]he clerk may not file a document without the filing fee." Id. at 245-46. As such, "a document is not filed for recording into the official public record until the filing fee is paid." Id. at 246. In Holt v. Gambill, Division Three of this court analyzed a similar issue in the context of a request for a trial de novo after arbitration. 123 Wn. App. 685, 689-90, 98 P.3d 1254 (2004). The court held that, where a county has established a filing fee for a request for a trial de novo, failure to pay the fee before the 20-day deadline renders the request untimely. Id. at 690. State law requires local jurisdictions to charge a filing fee for a request for a trial de novo. RCW 36.18.016(26). The King County Code sets this fee at $400. KING COUNTY CODE 4A.630.080.[3]

Under the plain language of RCW 7.06.050 and SCCAR 7.1(a), a party has 20 days to file a written notice of appeal and request for a trial de novo and this request is not "filed" until the party pays the filing fee, here $400. This is required of all parties, including those who are pro se. "Courts hold pro se litigants to the same standards as attorneys," and they are bound by procedural rules just as attorneys. Winter v. Dep't of Soc. & Health Servs., 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020), Westberg v. All-Purpose Structures, Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997). Reo's notice of appeal and request for a trial de novo was not filed because his filing fee was not paid. The trial court properly ordered Reo to cure his filing defects.

Reo correctly identifies GR 34 as providing for a waiver of filing fees in civil matters on the basis of indigency. However, nothing in GR 34 exempts Reo

---

[3] https://kingcounty.gov/council/legislation/kc_code/07_Title_4A.aspx.

from complying with established procedural rules on the basis of indigency alone. Rather, GR 34 authorizes Reo to seek a waiver of the $400 fee, so long as that request is properly made within the 20 days as required by RCW 7.06.050(1) and SCCAR 7.1(a). GR 34 alone does not invalidate the trial court's order. Reo does not dispute that he did not pay the filing fee, and he therefore failed to properly file a request for a trial de novo within 20 days as required by both the statute and local court rule. The trial court did not err in granting judgment against Reo.

II.     Fee Waiver

Reo next challenges the commissioner's failure to grant relief in response to his request for a waiver under GR 34. While much of Reo's briefing focuses on his financial circumstances, the defect in his request for a waiver was a procedural one, not substantive. GR 34(2) requires that, "All applications shall be presented to a judicial officer for consideration in a timely manner and in conformity with the local court's established procedures." To request a waiver, Reo was required to comply with the King County Local Civil Rules. King County Superior Court Local Civil Rule (LCR) 7 governs civil motions, and requires all motions to "be scheduled by a party for hearing on a judicial day." LCR 7(b)(4)(A). It further requires that the motion be served and filed at least nine judicial days before the requested consideration date. Id. Each motion must be accompanied by a "Notice of Court Date." LCR 7(b)(5)(A).

Here, Reo failed to properly file his motion for a waiver of filing fees under the King County Local Civil Rules. He first attempted to file the motion on November 15, 2021, but failed to note the motion for a hearing as required by

LCR 7(b)(5)(A) because he did not file an accompanying "Notice of Court Date." He again filed a motion for a fee waiver on November 17, 2021, this time with the required notice, but the motion was filed eight judicial days before the requested hearing in violation of LCR 7(b)(4)(A). On December 2, 2021, Reo filed three separate documents, each entitled "Declaration for Trial De Novo and Filing Fee Waiver." None were accompanied by a "Notice of Court Date" as required by LCR 7(b)(5)(A). Regardless of whether Reo financially qualified for a waiver of his filing fee under GR 34, he was required to properly request such a waiver by following the King County Local Civil Rules. GR 34(2). He failed to do so.

The trial court explicitly described the defect in Reo's attempt to request a trial de novo and, despite the fact that the 20-day window for appeal provided by RCW 7.06.050(1) and SCCAR 7.1(a) had long since passed, ordered Reo to cure his filing defect by paying the fee by November 14, 2021. Reo did not appeal this order within 30 days of the entry of the order as required by RAP 5.2(a). He did not cure the defect by November 14, 2021, by either paying the filing fee or properly moving the trial court to waive the fee, despite being ordered to do so and being afforded multiple opportunities to comply. SCCAR 6.3 provides that, "If within the 20-day period specified in rule 7.1(a) no party has properly sought a trial de novo, the prevailing party on notice as required by CR 54(f) shall present to the court a judgment on the award of arbitration for entry as the final judgment." The trial court did not err in entering a judgment on the arbitration award.

III.     Attorney Fees

Port Lahaina requests fees under RAP 18.1(a) and (b).  Our appellate rules permit a party "to recover reasonable attorney fees or expenses" "[i]f applicable law grants" them the right to such fees.  RAP 18.1(a).  The party seeking fees must devote a section of their brief to this request.  RAP 18.1(b).  Port Lahaina also offers RCW 4.84.330 as an alternate basis for its request.  RCW 4.84.330 states:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

Port Lahaina brought the action seeking entry of judgment under a lease which provided for attorney fees for the prevailing party.  Port Lahaina prevailed and, as such, is entitled to its reasonable attorney fees and costs under RAP 18.1, RCW 4.84.330, and the attorney fees provision of the lease.  We award its reasonable fees and costs upon compliance with the procedures outlined in RAP 18.1.

Affirmed.

_____

WE CONCUR:

_____          _____
Birk, J.                                                          Bowman, J.

-6-