IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL WALL, an individual, | No. 84057-6-I |
| Appellant, | |
| v. | DIVISION ONE |
| SHIPRA GROVER, | UNPUBLISHED OPINION |
| Respondent. | |

CHUNG, J. — Three years after Michael Wall and Shipra Grover were in a car accident, Wall electronically filed a summons for a civil action for negligence against Grover. However, the court did not receive his electronically filed complaint until 4:37 PM, after the clerk's office closed, and therefore the clerk did not consider it filed until the next day at 8:30 AM. Under RCW 4.16.170 a statute of limitations is tolled either when a complaint is filed or a defendant is served. Under GR 30, electronic documents received by a clerk after business hours are considered filed the next day. The trial court granted Grover's motion to dismiss Wall's claim because the statute of limitations had expired. We affirm.

FACTS

On November 2, 2018, a car accident occurred between Michael Wall and Shipra Grover. On November 2, 2021, three years later to the day, Wall attempted to electronically file a new civil case with the Snohomish County Superior Court at 1:58 in the afternoon. Wall's attorney avers he "was 100% certain that both the Summons and Complaint were uploaded into the online filing portal." However, at 2:56 PM, the e-filing

system sent Wall's attorney's office a "rejected filing notification" via email, stating the filing was rejected because a "[c]omplaint [is] required to initiate [a] case."

Wall's attorney became aware of the rejection about 4:15.[1] He immediately called the Snohomish County Clerk, who informed him he had "about 9 minutes to" file the complaint. He asked and was specifically told he could not re-submit the complaint "under the original filing 'envelope,' " i.e., as an amendment to his earlier filing.

Wall's attorney "raced" to electronically file the complaint. The court's e-filing system notified him by e-mail at 4:37 PM, that the complaint had been submitted. At 7:01 AM the next morning, November 3, Wall's attorney received an email showing that his electronic filing had been processed. The complaint was stamped "Electronically Filed 11/3/2021 8:30 AM."

Subsequently, in February 2022, after checking the filing history at Grover's request, the Snohomish County Clerk's office "verif[ied] that the Clerks office [sic] did not receive the complaint on the Wall v. Grover matter on November 2, 2021." Grover then moved to dismiss because "[t]he three-year statute [of limitations] expired the day before" Wall filed his lawsuit on November 3, 2021. The trial court granted Grover's motion to dismiss with prejudice. Wall timely appeals.

ANALYSIS

Wall assigns error to the trial court's dismissal of his claim as untimely filed. Generally, we review de novo a trial court's decision to dismiss a case based on statute of limitations. In re Parentage of M.S., 128 Wn. App. 408, 412, 115 P.3d 405 (2005).

---

[1] Appellant's brief states counsel "became aware of the situation about 4:20," but counsel's declaration submitted to the trial court states that his legal assistant saw the clerk's email at about 4:15.

However, when the court considers the pleadings as well as materials submitted by the parties in deciding the motion to dismiss,[2] this court reviews the order of dismissal as a summary judgment and engages in the same inquiry as the trial court. Ellis v. Barto, 82 Wn. App. 454, 457, 918 P.2d 540 (1996). We review issues of law de novo. Id.

Statutes of limitation reflect the importance of finality and settled expectations in our civil justice system. Fowler v. Guerin, 200 Wn.2d 110, 118, 515 P.3d 502 (2022). Such statutes protect defendants, and courts, from the burdens of litigating stale claims by requiring prospective plaintiffs to assert their claims before the relevant evidence is lost. Id. at 118-19.

In Washington, personal injury actions must be commenced within three years. RCW 4.16.080(2). To toll the statute of limitations, either the defendant must be properly served or a complaint must be properly filed with court. RCW 4.16.170.[3]

An electronic document is electronically filed when it is received "by the clerk's designated computer during the clerk's business hours." GR 30(c)(1). An electronic document received after business hours "is considered filed at the beginning of the next business day." GR 30(c)(1). The clerk "shall issue confirmation to the filing party that an electronic document has been received." GR 30(c)(2). Clerks "may reject" a document that fails to comply with applicable electronic filing requirements. GR 30(c)(3). And the clerk "must" notify a filing party of a rejection and the reason. GR 30(c)(3).

---

[2] Appellant submitted a declaration from counsel and defendant submitted an unverified email as an exhibit. The order granting the motion to dismiss states that the court "reviewed the documents filed herein."

[3] Under RCW 4.16.170, either the filing of the complaint or service of the summons will toll the statute of limitations so long as the other act is completed within 90 days. Margetan v. Superior Chair Craft Co., 92 Wn. App. 240, 244, 963 P.2d 907 (1998).

Wall acknowledges that he filed a complaint after the Snohomish County Clerk's published business hours.[4] Wall "asks that under the circumstances of this case, the Court rule that the Complaint was constructively filed November 2, 20[21] [sic]."[5] Wall reasons that because the clerk's office sent him an email acknowledging receipt on November 2, 2021, at 4:37 PM, it was in the court's custody.

This court previously rejected the idea of constructive acceptance of a filing under RCW 4.16.170. In Margetan v. Superior Chair Craft Co., 92 Wn. App. 240, 963 P.2d 907 (1998), the plaintiff, via legal messenger, had placed the complaint in the court's "Rapid Filing Box," which was labeled with instructions including "Case Number and Caption Required" and "No Documents requiring a filing fee." Id. at 242-43. The court did not accept the filing because plaintiff failed to pay the filing fee. Id. at 243. The plaintiff argued that the court constructively accepted the filing because the messenger left the complaint in the rapid filing box. Id. at 248. The court rejected this argument, holding that a complaint is filed for purposes of commencing an action under RCW 4.16.170 only when the required filing fee is paid. Id.

Despite our rejection of the constructive filing argument in Margetan, Wall points to two federal Ninth Circuit cases for support of this argument, Ordonez v. Johnson, 254 F.3d 814, 815 (9th Cir. 2001), and Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280 (9th Cir. 1983). Not only are these cases not precedential in this court, as we

---

[4] Neither party submitted evidence regarding the court clerk's office's business hours, though Grover states, without citation, "Court hours at the Snohomish Superior Court are from 8:30am to 4:30pm." However, Wall does not dispute that 4:37 PM is outside the clerk's business hours.
[5] Appellant's brief omits the full year and simply states "November 2nd, 20"; we assume this is a clerical error and 2021 was intended.

noted in Margetan, we must exercise caution when relying on federal cases as persuasive authority because their analysis depends on different statutes, rules, and local rules. See Margetan, 92 Wn. App. at 244 n.3. Indeed, in both the federal cases Wall cites the plaintiff's complaints were dismissed because they failed to conform with local rules regarding form. Ordonez, 254 F.3d at 815 (Local Civil Rule 3.5.1 required an extra copy of all documents for the judge); Loya, 721 F.2d at 280 (Local Rule 4 required 8½ by 11 inch paper). Wall ignores that in cases he cites the complaint itself was timely filed. Ordonez, 254 F.3d at 815 ("the clerk of the court received Ordonez's first amended complaint, five days before the March 7, 2000, deadline."); Loya, 721 F.2d at 280 ("A copy of the plaintiff's complaint arrived at the office of the Clerk . . . within the 90-day limitation period"). Unlike those cases, where the clerk had received the plaintiff's complaint within the relevant statute of limitation, here, the clerk did not receive Wall's electronic filing until after business hours on the last day of the limitations period.

Wall nevertheless points to the fact that the court system sent an email on November 3, 2021, at 7:01 AM stating that his filing had been processed. He argues that because the court "accepted" the filing before business hours, likewise, it should not matter that the filing on November 2 was outside business hours, and it should be deemed timely. But GR 30 expressly provides that electronic documents are filed when they are received "during the clerk's business hours; otherwise the document is considered filed at the beginning of the next business day." GR 30(c)(1).

The clerk of the court followed GR 30 and deemed Wall's complaint filed on November 3, as it was received after business hours on November 2. The trial court

properly dismissed his complaint because, under RCW 4.16.170, Wall's action was not commenced by November 2.

Affirmed.

Chung, J.

WE CONCUR:

Birk, J.

Smith, C.J.