IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RYAN'S KITCHEN'S & MORE, INC., dba Ryan's Elite General Contracting Inc., a Washington corporation,<br><br>Petitioner,<br><br>v.<br><br>WHOLESALE FISH & PET SUPPLY LLC, a Washington limited liability company,<br><br>Respondent. | No. 86703-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Ryan's Kitchen's & More, Inc, and Wholesale Fish & Pet Supply, LLC, entered into a verbal agreement for Ryan's to perform contracting and labor services for Wholesale Fish. A dispute arose between the parties concerning performance of work and payment. Ryan's initiated a lawsuit in King County Superior Court, and the case was assigned to arbitration. The arbitrator issued an award in Ryan's favor and Wholesale Fish moved for a trial de novo.

Ryan's moved to strike the request for a trial de novo, claiming the aggrieved party (Wholesale Fish) did not sign the request in accordance with RCW 7.06.050(1). The court denied the motion. Ryan's moved for reconsideration. That motion was also denied. Ryan's appeals.

We conclude the trial de novo request form did not comply with the requirements of RCW 7.06.050(1); therefore, we reverse and grant Ryan's' motion to strike the request for a trial de novo.

FACTS

In January 2022, Ryan's Kitchen's & More and Wholesale Fish & Pet Supply entered into a verbal agreement for contracting services. After a few months of work, disputes arose concerning defective performance and nonpayment. In April 2023, Ryan's initiated a lawsuit against Wholesale Fish. In accordance with Superior Court Civil Arbitration Rules (SCCAR), the matter was set for arbitration.

The arbitrator found in favor of Ryan's. Subsequently, Wholesale Fish requested a trial de novo under RCW 7.06.050(1). The request was signed only by Wholesale Fish's attorneys. Ryan's moved to strike the request, claiming the request was invalid because it was not signed by the aggrieved party (Wholesale Fish).

Following briefing on the issue, the trial court denied Ryan's' motion to strike the trial de novo request. Ryan's moved for reconsideration, and the court again denied the motion. Ryan's appeals.

ANALYSIS

Trial de Novo Request

Ryan's contends Wholesale Fish's request for a trial de novo failed to meet the mandatory requirements set forth by RCW 7.06.050(1) and SCCAR 7.1(b) because it was not signed by the aggrieved party. Wholesale Fish claims it properly signed and filed the request through its attorneys. Because Wholesale Fish's attorneys did not sign the request as authorized representatives of Wholesale Fish, we agree with Ryan's and grant the motion to strike the request for a trial de novo.

We review issues of statutory interpretation and application of a court rule or law de novo. *Crossroads Mgmt., LLC v. Ridgway*, 2 Wn.3d 528, 537, 540 P.3d 82 (2023). When interpreting a statute, our primary objective is to

2

"ascertain and carry out the Legislature's intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). If a statute is clear on its face, we must give effect to that plain meaning. *State v. Keller*, 2 Wn.3d 887, 910, 545 P.3d 790 (2024). But, if a statute is ambiguous, we " 'may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent.' " *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014) (quoting *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)). "A statute is ambiguous only if it can be reasonably interpreted in more than one way, not merely because other possible interpretations exist." *Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 354, 144 P.3d 276 (2006).

Under RCW 7.06.050(1), when a party files a request for a trial de novo, "[t]he notice must be signed by the party." This language was added in 2018 when the Washington State Legislature amended chapter 7.06 RCW.[1] In 2019, the Washington State Supreme Court amended SSCAR's request for a trial de novo form to include a section for the signature of the aggrieved party as well as the name of the attorney for the aggrieved party. A picture of the proposed form, as provided in SCCAR 7.1(b), is included below.



---

[1] *See* H.B. 1128, 65th Leg., Reg. Sess. (Wash. 2018). Before the amendment, no language existed requiring the aggrieved party to sign the request.

Strict compliance with the requirements of SCCAR is necessary for a trial de novo request to be valid; substantial compliance is insufficient. *See Crossroads*, 2 Wn.3d at 539. Strict compliance is "essential to the goal of providing a swift, efficient, and less expensive path to the resolution of cases." *Crossroads*, 2 Wn.3d at 539. Since the amendment of RCW 7.06.050(1), this court has clarified "the request for trial de novo must be signed by the 'aggrieved party'; signature of that party's attorney alone is not sufficient." *Hanson v. Luna-Ramirez*, 19 Wn. App. 2d 459, 462, 496 P.3d 314 (2021) (quoting 4A ELIZABETH A. TURNER, WASHINGTON PRACTICE: RULES PRACTICE SCCAR 7.1, author's cmt. 8 (8th ed. Supp. 2021)).

When a corporation is involved in a legal matter, it must be represented by an attorney. *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998). This is because "corporations are artificial entities that can only act through their agents." *Lloyd*, 91 Wn. App at 701. An agency relationship is created "when two parties consent that one shall act under the control of the other." *Rho Co., v. Dep't of Revenue*, 113 Wn.2d 561, 570, 782 P.2d 986 (1989). No express agreement is needed to create an agency relationship, formation can be implied through the parties' actions. *Rho*, 113 Wn.2d at 570.

Here, Ryan's contends the signatures of Wholesale Fish's attorneys on the trial de novo request form was not adequate to satisfy the requirements of RCW 7.06.050(1) and SCCAR 7.1(b). We agree with Ryan's that an attorney can sign as an authorized agent, but in the instant case, Wholesale Fish did not strictly comply with the mandates of RCW 7.06.050(1) and SCCAR 7.1(b).

Recent case law has made clear the newly added signature requirement of RCW 7.06.050(1) and SCCAR 7.1(b) "essentially abrogates an attorney's authority as an agent to sign the [trial de novo] request on behalf of the aggrieved

4

party." *Crossroads* , 2 Wn.3d at 539; *see also Shepler v. Terry's Truck Ctr., Inc.*, 25 Wn. App. 2d 67, 72, 522 P.3d 126 (2022); *Hanson*, 19 Wn. App. 2d at 462. But, as Wholesale Fish correctly points out, a corporate entity is an artificial entity that must be represented by an agent. Washington case law has not yet addressed how the newly amended statute applies when the aggrieved party is a corporate entity.

Wholesale Fish contends its attorneys' signatures were sufficient to satisfy the requirements of RCW 7.06.050(1) because entities involved in legal matters must be represented by an attorney. While Wholesale Fish is correct that, as a corporate entity, it must be represented by an attorney, it fails to address the fact that its form contains only the signatures of its attorneys, without any indication that they were signing in their capacity as authorized representatives of the limited liability company (LLC). The newly amended rule explicitly provides a space for the aggrieved party to sign and another line for the signer's title, if applicable. The amended rule also includes a line for the name of the attorney.

The form Wholesale Fish submitted did not have designated signature lines for the aggrieved party and the attorneys—it only included the signatures of its attorneys. A picture of Wholesale Fish's submitted form is included below.



THE REQUEST FOR TRIAL DE NOVO SHALL NOT REFER TO THE AMOUNT OF THE AWARD. DO NOT ATTACH A COPY OF THE AWARD

/s/ Mark Kimball
/s/ Farnoosh Faryabi

MARK D. KIMBALL, WSBA No. 13146
FARNOOSH FARYABI, WSBA No. 49706
MDK LAW
777 108th Ave NE, Suite 2000
Bellevue, WA 98004
Tel: (425) 455-9610
Fax: (425) 455-1170
Email: mkimball@mdklaw.com
Email: ffaryabi@mdklaw.com

REQUEST FOR TRIAL DE NOVO - 2
*Ryan's Kitchen and More Inc. v.*
*Wholesale Fish & Pet Supply LLC.*

MDK | LAW
777 108th Avenue Northeast, Suite 2000
Bellevue, Washington 98004
(425) 455-9610

Wholesale Fish's attorneys did not indicate they were signing the form as authorized representatives of the LLC. In fact, they included their bar numbers and the firm they were associated with. We cannot assume they had the capacity to sign as authorized representatives for the LLC or that they were signing in that capacity rather than in their capacity as the LLC's outside counsel.

Wholesale Fish asserts Gerry Hu's[2] declaration establishes its attorneys' authorization to act as agents for the LLC. Wholesale Fish contends that, even though the declaration was filed beyond the 20-day time limit for a request for a trial de novo, this is not dispositive because no legal precedent compels a corporate entity to file such a declaration simultaneously with a trial de novo request. But the issue is not if or when a declaration was filed or whether an attorney can act as an agent of a corporate entity, the issue is whether the signature on the form strictly complied with the requirements of RCW 7.06.050(1), and it did not.

The Supreme Court has made clear that "narrow exceptions" cannot be made and, even in sympathetic circumstances, substantial compliance is not enough—the arbitration rules require strict compliance. *Crossroads*, 2 Wn.3d at 541-42 ("[R]eliance on an outdated form, without reviewing the applicable statute and court rule, does not excuse a party's failure to strictly comply with the SCCARs and arbitration statute."); *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 815-16, 947 P.2d 721 (1997) (concluding a party's failure to serve copies of the trial de novo request to the other party within 20 days was not strict compliance). Strict compliance requires the aggrieved party to sign the form and, here,

---

[2] Gerry Hu, the owner of Wholesale Fish, submitted a declaration more than a year after the request for a trial de novo was filed stating he designated his attorneys as the signing agents for Wholesale Fish.

Wholesale Fish's attorneys did not indicate they were signing in any capacity other than as the attorneys for Wholesale Fish.

Finally, Wholesale Fish contends Ryan's is incorrect in claiming RCW 7.06.050(1) abrogates common law. Ryan's and Wholesale Fish are each correct, in part, in their assessment of the statute's effect. Ryan's is correct the statute abrogates common law to the extent that it abrogates an attorney's authority to authorize a trial de novo request independently of aggrieved party's consent, whether that party is a corporate entity or an individual. But, the statute does not abrogate common law as applied to legal entities. As Wholesale Fish properly notes, common law mandates that a legal entity must sign pleadings through legal counsel; RCW 7.06.050(1) does not amend this requirement. The statute supplements the common law rule by requiring the aggrieved party (i.e., the corporate entity), to sign a request for a trial de novo, and provides a place to include the name of their attorney. If a signer—in this case, the attorney— intends to sign as the aggrieved party and has the capacity to act as an authorized representative of the corporate entity, then they need to designate that title on the form—precisely as the form provides.

Because the trial de novo request did not indicate Wholesale Fish's attorneys were signing as the aggrieved party in their capacity as authorized representatives of the LLC, Wholesale Fish failed to strictly comply with the requirements of RCW 7.06.050(1) and SCCAR 7.1(b). Accordingly, their request for a trial de novo was invalid, thereby nullifying the request.

Attorney Fees

Ryan's requests attorney fees under RAP 18.1 and SCCAR 7.3. Wholesale Fish contends Ryan's is not entitled to attorney fees and separately requests fees under RAP 18.1 and RAP 14.2. Because Ryan's is the prevailing party on appeal, we grant its request for fees and costs.

7

RAP 18.1 provides that applicable law may grant a party the right to recover reasonable attorney fees or expenses on review. A party requesting fees under RAP 18.1 must provide argument and citation to authority "to advise the court of the appropriate grounds for an award of attorney fees as costs." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012).

Under SCCAR 7.3, this court "shall assess costs and reasonable attorney fees against a party who appeals the [arbitration] award and fails to improve the party's position on the trial de novo." RAP 14.2 allows a commissioner or clerk of this court to "award costs to the party that substantially prevails on review."

Wholesale Fish contends SCCAR 7.3 is not applicable because a trial de novo never occurred. To support its contention, Wholesale Fish cites to *Holt v. Gambill*, 123 Wn. App. 685, 692, 98 P.3d 1254 (2004), where the court held, "Fees under MAR 7.3 are not appropriate here because the trial de novo has not yet occurred."[3] But *Holt* was distinguished by *Butler v. Finneran*, 22 Wn. App. 2d 763, 516 P.3d 395 (2022).

In *Butler*, Amanda Butler won an arbitration award against James Finneran. 22 Wn. App. 2d at 765. Finneran filed a request for a trial de novo, but only his attorney signed the form. *Id.* The trial court struck the request and awarded attorney fees to Butler under SCCAR 7.3. *Id.* at 766. Finneran appealed and, citing *Holt*, argued it was improper for the trial court to award attorney fees under SCCAR 7.3 because a trial de novo never occurred. *Id.* at 771. This court distinguished *Holt* and similar cases, noting in those cases, "the parties were set to attend a trial de novo in the future." *Id.* Because the court

---

[3] The SCCARs were previously known as the Mandatory Arbitration Rules (MAR). *In re Suggested Amendments to Mandatory Arbitration Rules*, No. 25700-A-1271, at 1 (Wash. Nov. 6, 2019), www.courts.wa.gov/content/publicUpload/Supreme%20Court%20Orders/25700A1271.pdf

affirmed the trial court's decision to strike the trial de novo request, a trial de novo was not going to occur and the award of fees was not in error. *Id.*

Similarly, here, because we are striking the trial de novo request and a trial is not imminent, awarding attorney fees under SCCAR 7.3 is appropriate. Because Ryan's successfully challenged the trial de novo request and prevails on appeal, we award Ryan's fees and costs.

We reverse and grant the motion to strike the request for a trial de novo.

WE CONCUR: